Judith BROSAM

v.

Willis M. BROSAM.

No. 25095.

Kansas City Court of Appeals.

Missouri.

Feb. 3, 1969.

James A. Christenson, Piedimonte & Cochran, Independence, for appellant.

Betsy Ann Stewart and Jack C. Terry, Independence, for respondent.

CROSS, Judge.

On the 18th day of March, 1968, plaintiff Judith Brosam was granted a decree of divorce from her husband, defendant Willis M. Brosam, and given custody of five children born of the marriage, ranging in ages from three to ten years. The judgment also awarded plaintiff alimony in the amount of $5.00 per week, child support in the total amount of $50.00 per week, and the sum of $250.00 as her attorney's fee. Defendant appeals, contending (1) that the award of alimony and child support is unreasonable, in excess of plaintiff's needs and beyond his ability to pay, and (2) that the amount of attorney's fee is unreasonable because plaintiff had more means than did defendant.

The facts are undisputed. The parties were married on July 9, 1955, and separated finally on October 13, 1967. Of the five children, three are girls whose ages are 3, 6 and 10 years; two are boys whose ages are 5 and 9 years.

Plaintiff and her five children live together in a house for which she pays $46.-00 per month rent. She is employed at Western Electric and works five days or forty hours a week. Her take home pay is $82.00 per week. It is necessary for her to hire a baby-sitter for her children for which she pays $25.00 per week. Transportation to and from her work, by means of a 1956 Chevrolet, which she paid for herself, costs her $3.00 a week. The expense of taking the children "back and forth" to the baby-sitter costs her from $3.-00 to $4.00 a week. Cost of her utilities runs to $35.00 a month. The children need clothes, but she hasn't bought any because she hasn't had any money "to buy things for them." They also need dental work which plaintiff is unable to afford them. What she spends for rent, food, utilities, the baby-sitter and her transportation takes "every cent" she works for, and "more too" if she had it. She has no other separate means or property. In the five months since the separation, down to the day of trial, defendant paid her about $250.00, or roughly $10.00 a week. Even that meager contribution to supplement the expenditure of her entire earnings leaves her in arrears for the bare essentials necessary for her family to subsist. Plaintiff is personally obligated on an F.H.A. note which she and defendant had jointly signed at some time during their marriage. Defendant thereafter took bankruptcy and apparently became discharged of his obligation. Plaintiff didn't take bankruptcy herself and remains liable on the remaining balance of $243.22 which has been demanded of her.

Plaintiff testified that it would take at least $50.00 a week in addition to the ex-

penditure of her own income to properly clothe the children and provide dental and other incidentals necessary to raise them. In addition to that sum for the children, plaintiff felt that she should have at least $5.00 a week alimony to help support herself. She testified she had paid her attorney a fee of $250.00, at some sacrifice, and that she was asking the court for reimbursement of that sum. That plaintiff is of good character is admitted by defendant.

Defendant is a well man and is physically able to work. In 1967 he was employed at Lake City but didn't work full time that year. He was laid off in July due to a "cut-back". His total 1967 income was something over $3,000.00. After his layoff he drew $45.00 weekly unemployment compensation until November (four months). Thereafter he became employed and now works at Allis-Chalmers where he works four days a week. He is paid wages at the rate of $3.20 an hour. His gross take home pay is "around" $80.00 per week. He owns and drives a 1963 Ford station wagon for which plaintiff helped him pay. Defendant testified that he spends $55.00 per month for rent and that it costs $3.00 a day "to feed" himself. He doesn't know how much it costs to clothe himself. He hasn't "figured it monthly". He spends "very little" for transportation "to and from work—it's not much." He lived just a matter of four or five blocks from Allis-Chalmers and he "supposed" he could walk that distance. He testified that it was not really necessary to have transportation to go back and forth to work, but "I am in church work and getting into Cubs and Boy Scouts, and I need transportation to do these things." As additional fixed expenditures, defendant listed monthly installment car payments in the amount of $60.29, on an unpaid balance of $310.00 (as of trial date, March 18, 1968); also monthly payments of $15.00 to Sears Roebuck on a due balance of $60.00 (also as of trial date). Upon inquiry by counsel, defendant testified that he felt he could "possibly" pay $7.50 a week ($37.50 a month

total) to support and maintain his five children.

Only one express finding of fact was made by the trial judge. At the close of all the evidence he made the spontaneous remark: "Well, you cannot raise a child today under $10.00 a week, anyone knows that." Thereupon he rendered the judgment.

From the evidence above outlined it is readily apparent that the total amount of child support and alimony ordered by the court, ($55.00 per week) is not "in excess of plaintiff's needs" as defendant contends. That sum is not sufficient to supply even the basic needs of plaintiff and her five children for food, shelter, water, lights, heat, transportation and custodial child care. As we have noted, even the outlay of her entire earnings for those minimal subsistence requirements is not enough to pay their cost. Where, then, are plaintiff and the children to look for other necessaries, such as medical and dental care, clothing and items incidental to the children's schooling? We dismiss as frivolous defendant's claim that the allowance is in excess of plaintiff's needs.

Fundamentally underlying the problem here presented is the basic rule of common law, supplemented by statute, (Sec. 452.070 V.A.M.S.) that a father has the primary duty and obligation to support his minor children. Lodahl v. Papenberg, Mo.Sup., 277 S.W.2d 548 and cases cited. There is no absolution from that duty even if the mother may have independent means, Mathews v. Mathews, Mo.App., 337 S.W.2d 529; or even though the children may have property of their own. Slaughter v. Slaughter, Mo.App., 313 S.W.2d 193; Broemmer v. Broemmer, Mo.App., 219 S.W.2d 300; Section 452.070 V.A.M.S., Note 182. The measure of a father's responsibility for support of his children is stated in Broemmer v. Broemmer, Mo.App., 219 S.W.2d 300, as follows: "We are cited to no case and find none upon research which measures the responsibility of the father by

the financial ability of the mother. His duty and responsibility are fixed by the common law. Of course, if the mother is able to and does support the child in a manner more expensive than the father's station in life and financial and earning ability would be reasonable, proper and necessary, the mother's recovery would still be limited to only the reasonable and necessary support of the child. The father's duty to support his child is a primary duty, and the mother's corresponding duty is secondary, but when they are divorced the mother's right to remuneration for necessaries furnished the child is the same as would be the right of any third person, and would not be measured by the ability of the mother or other person, but by the necessities of the child and the reasonableness of the charge." It may be conceded, as contended by defendant under authority of Butler v. Butler, Mo.App., 262 S.W.2d 330, that the father should not be placed under a burden beyond his ability to carry. It is further stated by that authority that "The amount to be allowed for the support of the minor children of divorced parents generally rests within the sound discretion of the court. In exercising this discretion the court should consider the needs of the child, his or her station in life, and the financial condition of the father." It is well established that in determining the amount both of alimony and child support, the trial court is accorded a sound discretion, to be exercised under established principles, and that the court's decision of those questions will not be set aside unless it clearly appears there has been an abuse of its discretion.

Defendant's plea that he is unable to pay the allowances does not elicit favorable response from this court. His monthly take home pay is (approximately) $320.00 per month. Aside from the installment payments for his car and to Sears, (which we assume are now completed) his claim for living expense is limited to the items of $55.00 for rent and $90.00 for food—a total of $145.00. After paying for those

items he would have remaining the sum of $175.00. Although an additional amount of $45.00 would be necessary to aggregate the $220.00 per month allowed as support for plaintiff and five children, that fact does not attest that the allowances are unreasonable or beyond his ability to pay.

It is first to be noted that plaintiff has chosen to limit his gainful employment to four days a week, or its equivalent, although he is a strong, healthy, able-bodied man—while plaintiff must labor a full five day work week in her efforts to support herself and the five children. We see no reason why defendant could not work at least as many hours or days as plaintiff, or, for that matter, find some additional employment that would enable him to work even six days a week, if necessary to discharge his obligations as a father and guilty spouse. His time spent in "church work" and with "Cubs and Boy Scouts" could be spent more profitably and dutifully in the interest of his own children. Furthermore, he can forego the ownership of the automobile which he uses to pursue those interests and thereby eliminate its attendant expense, since by his own admission a car is not necessary for transportation to his work. We further suggest that defendant could augment his ability to pay the allowances by reducing his own standards of subsistence. His monthly expenditure of $55.00 for living quarters and $90.00 for food for himself alone are disproportionate to the monthly rental of $46.00 and food bill of $140.00 paid by plaintiff for herself and five children.

The fact that defendant's income at the time of the trial might not have been sufficient to fully satisfy the awards of alimony and child support does not deter the court from decreeing them in reasonable amounts. In Rutlader v. Rutlader, Mo. App., 411 S.W.2d 826, this court said: "Concerning alimony, it is no answer that the husband, if the wife deserves alimony, temporarily is unable to pay, if his past earning capacity and his reasonable prospects for paying in the future do not con-

vince that his present inability will remain static and if there is a prospect that he will be able to pay what he ought to pay some time in the future." Certainly, that rule is no less applicable to the award of child support than it is to the allowance of alimony.

It is our separate finding and conclusion that the trial court's awards of $10.00 per week for the support of each of the five children and $5.00 per week alimony are not oppressive and unreasonably burdensome to defendant, that they are justified by the evidence and in reasonable amounts, and that there has been no showing of abuse of discretion by the trial court. It is our further finding that the allowance of $250.00 as plaintiff's attorney's fee is also reasonable and justified by the evidence.

The judgment is affirmed.

All concur.