Montene WILLIAMS, Plaintiff-Respondent,

v.

Jerrell WILLIAMS, Defendant-Appellant.

No. 34899.

Missouri Court of Appeals,
St. Louis District.

July 17, 1973.

Motion for Rehearing or Transfer to
Supreme Court Denied
Aug. 16, 1973.

W. Scott Pollard, Florissant, for defendant-appellant.

Wm. W. Brown, St. Louis, for plaintiff-respondent.

WEIER, Judge.

This motion to modify a divorce decree had as its purpose the establishment of a support judgment for two minor children of the parties. Plaintiff wife received a decree of divorce on the 4th day of November, 1969. At that time the court awarded permanent custody of four minor children, two girls and two boys, to defendant husband with temporary custody during the summer and on alternate weekends in plaintiff wife, the defendant to pay her $10.00 per week for each minor child from June 1st through August 31st while she had temporary custody of the children. Thereafter, on January 10, 1972, the divorce decree was modified by a motion filed by plaintiff mother so that she received permanent custody of the two girls with reasonable rights of visitation in defendant father. At that time no order was made for the support of these two children except that the prior order of $10.00 per week while the children were in the actual physical control of plaintiff mother was declared not to be applicable until further order of the court. On February 10, 1972, plaintiff mother filed the motion to modify now before us on appeal. On this occasion she requested an award for the support of

the two girls who had been placed in her custody just one month previously. The evidence introduced at the hearing indicated that both plaintiff and defendant were working full time, earning approximately the same weekly salary ($160 for plaintiff mother and $165 for defendant father); that they incurred similar expenses in caring for the children in their respective custody; that the mother owned her own home while the father rented his; and that the father had remarried and thereby acquired an additional support obligation. After hearing the evidence, the court on June 21, 1972, ordered defendant father to pay to plaintiff mother for child support the sum of $12.50 per week for each of the two children previously awarded to the mother.

 Defendant father has appealed raising two contentions of error. First, he contends that the evidence in the case proved there was no material change in circumstances between the date of the prior modification and the date of the hearing. He cites a number of cases in support of his position on this issue including Wood v. Wood, 378 S.W.2d 237 (Mo. App. 1964) and Thomas v. Thomas, 357 S. W.2d 208 (Mo.App. 1962). These cases generally hold that before a court is authorized to modify a prior decree there must be proof that there has been such a change of condition that the welfare and best interest of the child will be beneficially affected by a modification. This rule, however, has usually been applied and is particularly appropriate in the modification of a child custody order. Where a court has failed to exercise its power to determine the amount of support in its prior decree, but is silent in that respect, then it may fix and determine such liability upon a motion filed in the case. Such a motion is actually not a motion to "modify", but is a motion, ancillary to the main cause, requesting that the court determine as an original adjudication that which should have been adjudged before. A determination on such a motion is not made or based upon

"changed conditions" but is actually a decree as to matters which have not been the subject of judicial determination. Roberts v. Roberts, 292 S.W.2d 596, 598[5] (Mo. App. 1956). Appellant's first contention is without merit.

 Secondly, defendant contends: "The award, based upon the evidence, indicated that the Court felt that defendant, being the man, was primarily obligated to support the children born of the marriage, and therefore discriminated against defendant on the basis of sex, and violated defendant's constitutional rights of due process under Amendments 5 and 14 to the Constitution of the United States and Article I, Section 10 of the Missouri Constitution, V.A.M.S., and also violated defendant's rights to equal protection under Amendment 14 of the Constitution of the United States." We shall first consider whether the second contention effectively raises an issue calling for construction of these constitutional provisions. If constitutional construction is properly raised and requires consideration on its merits, then the case must be transferred to the Supreme Court of Missouri. Mo.Const., Art. 5, §§ 3, 5, as amended August 4, 1970.

 In making this determination, it is necessary to consider the nature of appellant's constitutional claim and and the manner in which it was raised. Consideration of the facts and the law in this case reveal that the judgment of the court here claimed to be in violation of the constitutional provisions noted was granted to determine the extent of the father's obligation for future support of his children. The court's power to grant child support allowances rests on § 452.070, RSMo 1969, V.A.M.S. Defendant-appellant raised his constitutional objection as soon as the trial began, contending that any further proceedings would be in violation of his constitutional rights described above. But to preserve a constitutional question for review, it must be raised at the first opportunity. State v. Davis, 462 S.W.2d 178,

180[1] (Mo.App. 1970) and cases cited. There is no indication in the record that defendant-appellant filed a motion challenging the constitutionality of the proceeding. Since defendant could have raised his constitutional claim in a motion to dismiss but failed to do so, the claim was not timely raised and is therefore not preserved for review. State ex rel. Eagleton v. Patrick, 370 S.W.2d 254, 260 (Mo. 1963). It has been held that in exceptional circumstances, such as a case in which no prior pleading is required, the constitutional objection may be raised for the first time at the trial. Ivey v. Ayers, 301 S.W. 2d 790 (Mo. 1957). But as the court there noted, even though no responsive pleading may be required, " * * * the defendant is not prohibited from filing a pleading, and this is the normal way in which constitutional issues, which constitute affirmative defenses, should be raised." *Ivey*, l.c. 794.

■■ The statute which appellant challenges on constitutional grounds may not be construed by us in his favor. The statutory provision that " * * * the court shall make such order touching * * * the care, custody and maintenance of the children, or any of them, as, from the circumstances of the parties and the nature of the case, shall be *reasonable,* * * * *"* (§ 452.070, RSMo 1969, V.A.M.S.), would, on a literal reading, allow a court to consider the economic position of both the father and the mother in reaching its decision with respect to a proper support order. It does not speak on the priority of the parents in their obligation to support. And were this court free to construe the plain meaning of the statutory language, we could find it unreasonable of the trial court to enter an order of support only against the father under the circumstances of the present case where the father and mother are so similarly situated. However, both the Supreme Court and the appellate courts of this state have consistently held that the father has the primary obligation of support *regardless of the fact that the mother may have independent means.* Brosam v. Brosam, 437 S.W.2d 694, 696[2, 3] (Mo.App.1969). A judgment for child support under § 452.070 has been described as a substitution for the common law liability of a father who has the primary duty and obligation to support his minor children. Lodahl v. Papenberg, 277 S.W.2d 548, 550[2] (Mo.1955). Consequently, this court is not at liberty to say here that § 452.070 should not be construed to impose the sole obligation on defendant father to support his minor children who are in the custody of the plaintiff mother. Under the overwhelming weight of authority in this state, the decision of the trial court must be affirmed.[1]

■ However, the Missouri Constitution authorizes this court to order a case transferred to the supreme court, after opinion, "for the purpose of re-examining the existing law." Mo.Const., Art. 5, § 10. It is the view of this court that such a re-examination is needed in light of recent United States Supreme Court decisions which hold that classifications arbitrarily based upon sex violate the Due Process Clause of the Fifth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States. Frontiero v. Richardson, 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973); Reed v. Reed, 404 U.S. 71, 77, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971). The Missouri statute, § 452.070, RSMo 1969, as interpreted, clearly contains an arbitrary classification based upon sex. In *Frontiero,* a statute required a female member of the uniformed services seeking to obtain housing and medical benefits for her spouse to prove his dependency in fact, while it imposed no such burden upon male members. The court there declared void the statutory presumption that wives are financially dependent on their husbands. The Missouri statute, as interpreted, appears to be based on a like pre-

1. See: Child Support in Missouri, Dobbyn, 36 Mo.L.Rev. 325 (1971).

sumption, not even rebuttable; i. e., that wives are dependent on their husbands and should therefore not share the primary duty to support their minor children. In following such a presumption, Missouri law runs contrary to the United States Supreme Court holding that "By providing dissimilar treatment for men and women who are thus similarly situated, the challenged section violates the Equal Protection Clause." Reed v. Reed, *supra,* 404 U.S. 71, 77, 92 S. Ct. 251, 254, 30 L.Ed.2d 225 (1971).

Section 452.070 is not constitutionally invalid on its face, but only where it is applied, as in the instant case, to work a discrimination against one of two parents who are similarly situated solely because of that parent's sex. This defect may be corrected by changing our former interpretation of the statute from the common law concept and by directing trial courts to consider the financial resources of the mother as well as the father as one of the "circumstances of the parties."

When considered in the social and economic conditions of this time, the duty to support children must be imposed on both parents irrespective of sex. Frequently the major burden of support will rest upon the father because he will have the greater ability and the larger share of resources to supply the needs of the children. But where the mother is also capable through her earnings and financial means to pay, she should be allowed and in certain cases compelled to contribute to the support of her children.

■ The best interest and welfare of the child is the ultimate goal of any support adjudication. In determining how the child's best interest may be met, the court should first ascertain the legitimate needs of the child in light of the total resources of the parents and the child. The standards to be imposed are those adhered to by the parents in their economic and social station in life but related to their ability to maintain those standards. Once these have been considered and the cost measured by the court, the question of contributions in cash or in kind should be determined in accordance with the ability of the parents. In this connection shelter, food, care and other tangibles contributed by one parent must be evaluated along with the cash contributed by the other. The balance struck by the court in the final adjudication should reflect all of these factors.

Such standards to be weighed before judgment would not only be in accord with current constitutional requirements but also would be in keeping with the latest developments in the area of domestic relations law. Our legislature by its recent enactment effective January 1, 1974, (House Bill No. 315) has provided:

"Section 9. In a proceeding for nonretroactive invalidity, dissolution of marriage, legal separation, maintenance, or child support, the court may order either or both parents owing a duty of support to a child of the marriage to pay an amount reasonable or necessary for his support, without regard to marital misconduct, after considering all relevant factors including:

"(1) The father's primary responsibility for support of his child;

"(2) The financial resources of the child;

"(3) The financial resources of the custodial parent;

"(4) The standard of living the child would have enjoyed had the marriage not been dissolved;

"(5) The physical and emotional condition of the child, and his educational needs; and

"(6) The financial resources and needs of the noncustodial parent."

The California Code was amended in 1969 to provide that: "In any proceeding where there is at issue the support of a minor child, the court may order either or both parents to pay any amount necessary for the support, maintenance, and education of the child." Cal.Civil Code § 4700

**590**

(West 1970). Even under the previous law [Cal.Civil Code § 196 (West 1954)], California courts had considered the circumstances of both parents in issuing support orders and had decided that a mother could be made to contribute to partial support and maintenance of children in the father's custody in an appropriate case. Moore v. Moore, 274 Cal.App.2d 698, 79 Cal.Rptr. 293 (Cal.App.2d Dist. 1969). As one commentator has suggested, "If the wife is able to contribute to the child's support and thereby enhance his welfare, there is no reason why she should not be required to." H. Clark, Law of Domestic Relations, § 15.1 at 496 (1968).[2]

For the reasons stated, we are constrained to and do affirm the judgment. However, because of the general interest and importance of the question involved, and for the purpose of re-examining the existing law, the cause is transferred to the Supreme Court.

DOWD, C. J., and McMILLIAN, J., concur.

2. See also: L. Kanowitz, Women and the Law, Univ. of N. Mex. Press, 1969, p. 69.