Montene **WILLIAMS**, Respondent,

v.

Jerrell **WILLIAMS**, Appellant.

No. 58432.

Supreme Court of Missouri,
En Banc.

June 10, 1974.

William W. Brown, St. Louis, for respondent.

W. Scott Pollard, Florissant, for appellant.

BARDGETT, Judge.

The Missouri Court of Appeals, St. Louis district, transferred this cause to the Supreme Court of Missouri after opinion because of the general interest and importance of the questions involved and for the purpose of reexamining the existing law. Williams v. Williams, 498 S.W.2d 585 (Mo.App.1973). This court has jurisdiction and will determine the cause as on original appeal. Mo.Const. Art. V, Sec. 10, V.A.M.S.

The court adopts the following statement of the court of appeals, 498 S.W.2d at 586–587:

"This motion to modify a divorce decree had as its purpose the establishment of a support judgment for two minor children of the parties. Plaintiff wife received a decree of divorce on the 4th day of November, 1969. At that time the court awarded permanent custody of four minor children, two girls and two boys, to defendant husband with temporary custody during the summer and on alternate weekends in plaintiff wife, the defendant to pay her $10.00 per week for each minor child from June 1st through August 31st while she had temporary custody of the children. Thereafter, on January 10, 1972, the divorce decree was modified by a motion filed by plaintiff mother so that she received permanent custody of the two girls with reasonable rights of visitation in defendant father. At that time no order was made for the support of these two children except that the prior order of $10.00 per week while the children were in the actual physical control of plaintiff mother was declared not to be applicable until further order of the court. On February 10, 1972, plaintiff mother filed the motion to modify now before us on appeal. On this occasion she requested an award for the support of the two girls who had been placed in her custody just one month previously. The evidence introduced at the hearing indicated that both plaintiff and defendant were working full time, earning approximately the same weekly salary ($160 for plaintiff mother and $165 for defendant father); that they incurred similar expenses in caring for the children in their respective custody; that the mother owned her own home while the father rented his; and that the father had remarried and thereby acquired an additional support obligation. After hearing the evidence, the court on June 21, 1972, ordered defendant father to pay to plaintiff mother for child support the sum of $12.50 per week for each of the two children previously awarded to the mother." Additionally it is noted that the mother had actual custody of the two girls since before June of 1971 and has used her income to support them.

The court of appeals further stated: "Defendant father has appealed raising two contentions of error. First, he contends

that the evidence in the case proved there was no material change in circumstances between the date of the prior modification and the date of the hearing."

This point is overruled for the reasons stated in the opinion of the court of appeals at 498 S.W.2d at 587(1, 2).

The second claim of error is: " 'The award, based upon the evidence, indicated that the Court felt that defendant, being the man, was primarily obligated to support the children born of the marriage, and therefore discriminated against defendant on the basis of sex, and violated defendant's constitutional rights of due process under Amendments 5 and 14 to the Constitution of the United States and Article I, Section 10 of the Missouri Constitution, V.A.M.S., and also violated defendant's rights to equal protection under Amendment 14 of the Constitution of the United States.' "

The court of appeals held that appellant had not properly raised the constitutional point at the earliest opportunity and reviewed the trial court's decree under the provisions of sec. 452.070, RSMo 1969, V.A.M.S. (repealed by Laws of Mo.1973, Act 183, H.B.No.315, effective January 1, 1974), and existing case authorities.

Sec. 452.070 provides, in part: " . . . (T)he court shall make such order touching . . . the care, custody and maintenance of the children, or any of them, as, from the circumstances of the parties and the nature of the case, shall be reasonable. . . ."

As the court of appeals noted, a literal reading of this statute would allow a court to consider the economic position of both father and mother in reaching a decision with respect to a proper support order, and were that court free to construe the plain meaning of the statutory language it could find it unreasonable to enter an order of support only against the father under the circumstances of this case where both are so similarly situated. However, the court of appeals held that it could not construe this repealed statute so as not to impose the sole obligation on defendant father to support the two minor children in the mother's custody because this court and the appellate courts of this State have consistently held that the father has the primary obligation to support regardless of the fact that the mother may have independent means. Brosam v. Brosam, 437 S.W.2d 694, 696(2, 3) (Mo.App.1969); Lodahl v. Papenberg, 277 S.W.2d 548, 550(1, 2) (Mo.1955). The court of appeals affirmed the judgment and transferred the case to this court for the purpose of examining the existing law. 498 S.W.2d at 590.

Of course, we know that, as a practical matter, the sum of $12.50 per child per week is not sufficient to fully support two girls, ages 9 and 13, as of the date of the modification order of June 21, 1972. It is thus apparent that in this case the trial court did consider the earnings of the mother to be available for support of the two girls when the order was entered. Our experience in the practice of law also tells us that trial courts have usually, if not always, considered the financial resources of the mother, when she is the custodial parent, in arriving at a support order against the father, although continuing to recognize that the *primary* duty of support is upon the father and that no support order for children in a divorce case could have been made against the former wife and mother under the law as it existed prior to January 1, 1974.

In this case there was no support order entered against the mother nor does defendant father contend there should have been such an order. Although the father's contention is that the support order entered against him was, in the circumstances of this case, a denial of his equal protection rights under U.S.Const. Amend. 14, and Mo.Const. Art. I, Sec. 2 and a denial of his due process rights under U.S.Const. Amends. 5 and 14, and Mo.Const. Art. I, Sec. 10, the court takes a more narrow view of the matter and declines to rule the case on constitutional grounds. The princi-

pal reason for declining to do so is because the statute in question was repealed by the General Assembly effective January 1, 1974 (Laws of Mo.1973, Act 183, H.B.No. 315). The new statute, sec. 452.340, RSMo Supp.1973, V.A.M.S., permits the court to enter a support order against either or both parents and, while providing that the primary responsibility for the support of children continues to rest with the father, specifically states that the financial resources of the custodial parent is one of the relevant factors to be considered in arriving at a support order.

■ We do not deem it prudent to decide important constitutional questions in a case decided under a repealed law purportedly pursuant to earlier case authority which is no longer fully applicable to child support orders entered in marriage dissolution cases because of the change in the statutory law of this state.

■ The principal object of a child support order is to provide for the welfare of the children—all the children. In this case the financial situation of both parents was practically identical and under the evidence each parent was supporting the two children in the respective parent's custody out of that parent's earnings prior to the modification decree. The modified support order entered June 21, 1972, shifted $25.00 per week from being available in part for the support of the two children in the father's custody to the support of the two children in the mother's custody. Under the evidence the needs of the children were the same and the order against the father divided very limited financial resources so as to detract from the welfare of the two children in his custody. This is not to say that merely because the earnings or financial resources of the mother are sufficient to provide the bare necessities a court should not order the father to pay support money to the custodial mother. But it is to say that if, as here, the total financial resources of the mother and father have been utilized by reason of the custody or-

ders to actually provide equal support for an equal number of children equally divided between the two parents, which children have equal needs, then the shifting of money away from two of the children is not reasonable and in the circumstances of this case constituted an abuse of discretion under the provisions of sec. 452.070, RSMo 1969 (repealed), V.A.M.S.

If and when the circumstances of the custodial parent or the children change, a modification order may be sought under the provisions of sec. 452.410, RSMo Supp.1973, V.A.M.S. the disposition of which will be governed by the provisions of sec. 452.340, RSMo Supp.1973, V.A.M.S. Sec. 452.415(3), RSMo Supp.1973, V.A.M.S.

The judgment is reversed. The costs are assessed equally between appellant and respondent.

All of the Judges concur.