In re the Marriage of Jane C. CARUTH-ERS, Petitioner-Respondent,

v.

Rexford H. CARUTHERS, Respondent-Appellant.

No. 47268.

Missouri Court of Appeals, Eastern District, Division One.

Aug. 28, 1984.

Motion For Rehearing and/or Transfer to Supreme Court Denied Oct. 16, 1984.

Bernard J. Mellman, St. Louis, for respondent-appellant.

Marion Eisen, St. Louis, for petitioner-respondent.

SNYDER, Presiding Judge.

This is a dissolution action in which husband appeals from an award of attorney fees and expenses. The circuit court of the City of St. Louis made separate awards to co-counsel of $5,013 and $15,286 in fees and costs. The judgment is affirmed.

Rexford and Jane Caruthers were married January 26, 1974. They separated September 13, 1982 and a petition for dissolution was filed November 12, 1982. The parties entered into a separation agreement, agreeing on all issues except wife's request for attorney fees and expenses.

When wife first contemplated dissolution, she conferred with and subsequently employed attorney Marion Eisen. At the time, Mrs. Eisen had the authority only to negotiate a temporary support arrangement. When it became clear that the parties would not reconcile, a petition for dissolution was filed.

Husband, a prominent St. Louis attorney, was a partner in a professional corporation and in certain complicated limited partnerships and business entities. Wife was unfamiliar with these assets and with all other financial matters between the parties. Therefore, with wife's consent, Mrs. Eisen employed an accountant, Leslie Block, and a lawyer, Robert Boland, Jr., to analyze, value and catalogue the assets of the parties. Mr. Boland is an expert on the valuation of professional corporations engaged in the practice of law.

Prior to the dissolution hearing, the parties continued to negotiate a property settlement. However, some personality differences developed between Mrs. Eisen and husband, apparently interfering with the negotiations, and again with wife's consent, Mrs. Eisen engaged a third lawyer, Warren Davis, as co-counsel. Mr. Davis and husband and his counsel eventually reached a property settlement, but could not agree on attorney fees. A hearing was held on that issue alone.

The evidence showed that Mrs. Eisen had handled numerous dissolution cases, and that her rate was $65 an hour. She provided the court with extensive and detailed time records which indicated that she had devoted 260 hours to the case for a total of $16,919 in fees. Expenses claimed totaled $4,986.70. The trial court awarded Mrs. Eisen $10,000 in fees and $5,286 in expenses. The expense award was supported by the amount listed in the wife's Exhibit 3, plus an allowance of $300 for real estate appraisers who had not yet billed her. The expense award is reasonable and supported by the evidence.

Mr. Davis testified to spending 60.6 hours at $90 per hour on behalf of Mrs. Eisen, a total fee request of $5,454. The trial court awarded him $5,013 which included $13 in expenses. This amount has been paid and is not contested.

There was extensive examination and cross-examination of Mrs. Eisen concerning her time and charges. Mrs. Eisen testified that wife had been extremely apprehensive about the dissolution and required a great deal of explanation and reassurance. Mrs. Eisen's time records revealed 56 phone calls totaling 145 hours and 26 hours in conference.

Mrs. Eisen also claimed 37.5 hours to prepare a motion for continuance and 26.7 hours for review of the file.

The trial court correctly found that an inordinate amount of time had been devoted to "review" and "legal research," and specifically noted that a continuance should not require 37.5 hours. It also ruled that husband should not be required to pay fees arising out of wife's extraordinary demands on counsel's time and pointed out that wife will have sufficient funds to pay those fees when she receives the property awarded her under the settlement agreement. Thus, the trial court substantially reduced Mrs. Eisen's bill when it awarded her a fee of $10,000 instead of her claimed $16,919.

On appeal, husband insists the trial court abused its discretion in awarding Mrs. Eisen $10,000 in fees and $5,286 in expenses

because much of the work was delegated to others who were separately paid, inordinate amounts of time were devoted to the case, particularly in obtaining a continuance, Mrs. Eisen's services were duplicative of those performed by co-counsel, and because Mrs. Eisen misrepresented to the court the nature and type of her employment. Although husband's arguments about duplicative services and excessive time spent by Mrs. Eisen are supported by the record, the trial court took those facts into consideration in its judgment.

Section 452.355 RSMo.1978 provides:

The court from time to time after considering all relevant factors including the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under sections 452.300 to 452.415 and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name.

 "Awarding attorney fees falls within the discretionary realm of the trial court, ... and is reviewable on appeal only for abuse...." *Budzinski v. Budzinski,* 632 S.W.2d 527, 530 (Mo.App.1982). In a court-tried case, the judgment or decree of the trial court must be affirmed unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32[1–3] (Mo. banc 1976).

" 'However, § 452.355 does make clear that the financial resources of the parties must be considered. Other factors are to be taken into account as well. How they balance will vary from case to case and certainty of result cannot be projected.' " *Budzinski v. Budzinski, supra* at 530–31, quoting *Kieffer v. Kieffer,* 590 S.W.2d 915, 919 (Mo. banc 1979).

"If the wife has by her actions incurred unnecessary or duplicative legal services, that is a 'relevant factor' to be considered by the trial court in assessing attorney's fees ..." *Raines v. Raines,* 583 S.W.2d 564, 568 (Mo.App.1979).

A thorough review of the record and resulting judgment shows that the trial court properly and carefully considered all of the pertinent factors and reduced Mrs. Eisen's fee request accordingly from $16,919 to $10,000. The judgment of the trial court addresses all of the concerns raised by husband.

The judgment is affirmed.

PUDLOWSKI and STEWART, JJ., concur.