In re the MARRIAGE OF Sherry Kay GORE and Kenneth Alan Gore.

Sherry Kay GORE, Respondent,

v.

Kenneth Alan GORE, Appellant.

No. 16357.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 28, 1989.

James K. Justus, Forsyth and William McCullah, Nixa, for appellant.

William A. Wear, Jr., James R. Sharp, Wear, Karchmer & Nelms, Springfield, for respondent.

CROW, Presiding Judge.

Kenneth Alan Gore ("Husband") appeals from a decree dissolving his marriage to Sherry Kay Gore ("Wife"). Husband complains the trial court erred in ordering him to pay Wife (a) child support of $250 per month per child for the parties' two children, and (b) $5,452.50 toward her attorneys' fees.

The statement of facts in Husband's brief avers the trial court divided the marital property by awarding Husband marital property of the aggregate value of $68,450 and awarding Wife marital property of the aggregate value of $68,225. Husband's statement of facts adds that the trial court set apart to Husband, as his nonmarital property, assets of the aggregate value of $48,875. Husband's total assets ($117,325) include, according to him, $37,000 in "restricted or deferred accounts." Husband characterizes his remaining assets of $80,325 as "unrestricted."

Wife, in her brief, accepts the above averments by Husband as correct. We shall therefore assume, without deciding, that they are.

The decree contained the following provision regarding custody of the children

(Bradley Alan Gore, born December 18, 1981, and Kendra Estelle Gore, born October 9, 1983):

"Legal custody of ... Bradley ... is awarded to [Husband] and legal custody of ... Kendra ... is awarded to [Wife]. Physical custody of both children is awarded to [Wife] with [Husband] awarded temporary custody ... as follows:

(a) [Husband] to have temporary custody with both children every other weekend, commencing [Friday] January 6, 1989, at 6:00 P.M. through Monday A.M. with [Husband] delivering children to their respective schools.

(b) [Husband] to pick up Kendra at her school each Tuesday with [Husband] having overnight visitation with Kendra each Tuesday night and with [Husband] delivering Kendra to her school each Wednesday A.M.

(c) [Husband] to pick up Kendra from school each Wednesday and Bradley from his baby-sitter each Wednesday after school with [Husband] to have an overnight visitation with both Bradley and Kendra each Wednesday night and with [Husband] delivering both children to their respective schools Thursday A.M.

(d) [Husband] to pick up Bradley from his baby-sitter following school each Thursday with [Husband] having an overnight visitation with Bradley each Thursday night and with [Husband] delivering Bradley to his school each Friday A.M.

(e) Each parent shall have the children one half (½) of the time allotted for Christmas school break with each parent alternating annually Christmas Eve and Christmas Day.

(f) The following holidays shall be alternated so that each parent shall have both children one half (½) of the holidays each year and alternate those holidays each succeeding year: Easter, Memorial Day, 4th of July, Labor Day, Thanksgiving, and New Year's Day.

(g) Each parent shall have both children during two (2) weeks of the parents' scheduled vacation time from their employment each year, with the same to be prearranged between the parents and with reasonable prior notice."

Husband concedes, in his brief, that he earns $3,108 per month. Husband alleges, and Wife agrees, that her monthly earnings are $2,000.

Husband maintains that under the trial court's decree "each parent has actual custody of both of the children for equal time." Consequently, says Husband, there was no need to award any child support.

During any two-week period—excluding the holidays enumerated in paragraph "(f)" of the custody order, the Christmas school break, and each parent's two-week vacation—the custody arrangement devised by the trial court gives Husband overnight custody of both children seven nights and Wife overnight custody of both children seven nights while the children are attending school. As physical custody is evenly divided on the specified holidays, during Christmas school break, and for each parent's two-week vacation, Husband will have physical custody of the children a substantial percentage of the time.

The custody order is silent, however, regarding overnight physical custody Tuesday through Thursday when the children are not attending school. Even if we assume the same overnight physical custody arrangement will prevail—we are not called upon to decide that question—it appears that during the school vacation in summer the children will be in Wife's physical custody most of the daytime hours Monday through Thursday each week, except the specified holidays and Husband's two-week vacation. We therefore reject Husband's premise that each parent has actual custody of both children for equal time.

Husband cites no case holding it is error in circumstances such as these for a trial

court to order a father to pay child support to a mother where the father's monthly income is more than 50 percent greater than the mother's. The only case cited by Husband in support of his complaint about child support is *Williams v. Williams,* 510 S.W.2d 452 (Mo. banc 1974). There the father had custody of the parties' two sons; the mother had custody of the parties' two daughters. The evidence showed the needs of the children and the parties' respective incomes were essentially the same. The Supreme Court of Missouri reversed a trial court order commanding the father to pay the mother child support for the two daughters. *Williams* is not controlling here in view of the substantial disparity between the parties' respective incomes and the fact that Wife will have physical custody of the children a greater percentage of the time than Husband.

Husband also asserts the child support is not the amount called for by the "Missouri Child Support Guidelines."

In the trial court one of Wife's lawyers, addressing the issue of child support, undertook to compute Husband's child support obligation using "the new Missouri Child Support Guidelines." Neither party's brief cites any source where the "Guidelines" may be found. We assume Wife's lawyer was referring to the "Missouri Child Support Guidelines" prepared by the Missouri Child Support Guidelines Task Force dated September, 1987, appearing in the preface to West's Missouri Cases, volume 735–736 S.W.2d, pages XL to XLVIII. We identify those "Guidelines" in order to prevent their being confused with Rule 88 promulgated by order of the Supreme Court of Missouri October 2, 1989 (some nine months after the trial court entered its decree). Rule 88 establishes a procedure for computing a "presumed child support amount"; it appears in the preface to West's Missouri Cases, advance sheet October 24, 1989, pages XXX to XXXVIII.

Husband's brief avers the "worksheets" utilized by Wife's lawyer were admitted in evidence and considered by the trial court in calculating child support. Husband's brief identifies no page in the transcript where that allegedly occurred, and supplies no clue as to where we can find the "worksheets" in the record on appeal. Our search of the record has failed to locate them.

It is the duty of an appellant to provide an appellate court a record containing everything necessary for the determination of questions presented to it. *Farmers and Merchants Ins. Co. v. Cologna,* 736 S.W.2d 559, 569[9] (Mo.App.1987); *Brummit v. O'Fallon Bros. Const. Co.,* 671 S.W.2d 441, 442[3] (Mo.App.1984); *Coulter v. Michelin Tire Corp.,* 622 S.W.2d 421, 437[34] (Mo. App.1981), *cert. denied,* 456 U.S. 906, 102 S.Ct. 1752, 72 L.Ed.2d 162 (1982).

Despite the absence of the "worksheets" we have nonetheless considered Husband's contention that the child support he was ordered to pay exceeds the amount in the "Guidelines." Husband argues that inasmuch as physical custody of the children is equally divided between the parties, each parent should be presumed to provide or spend half the preliminary child support obligation "from line 4" of the "worksheets" while the children are in such parent's physical custody. *See:* preface to West's Missouri Cases, volume 735–736 S.W.2d, page XLIV.

We have earlier rejected Husband's assertion that each parent will have actual custody of the children for equal time. Furthermore, even were we to find that the custody arrangement is tantamount to "joint custody," we point out that § 452.375.9, RSMo Supp.1988, provides: "An award of joint custody does not preclude an award of child support pursuant to section 452.340."

Wife, in her brief, insists that under the "Guidelines" Husband's monthly child support obligation would be, in the aggregate, either $806.76 (the amount she asserted in the trial court) or $639.10 (an amount she arrives at now through different arithmetic). Either sum exceeds what Husband was ordered to pay.

We need not determine whether Husband's calculations or Wife's calculations are correct under the "Guidelines" (the 1987 ones prepared by the Missouri Child Support Guidelines Task Force), as they are simply formulas or schedules to consider which leave significant room for sound judicial discretion. *Reese v. Reese*, 755 S.W.2d 437, 438 (Mo.App.1988).

Determination of the amount of child support awarded in a decree of dissolution of marriage rests within the sound discretion of the trial court; the award is subject to review only to determine whether there has been an abuse of discretion or an erroneous application of the law. *In re Marriage of Bruske*, 656 S.W.2d 288, 296[15] (Mo.App.1983); *Oberkrom v. Oberkrom*, 608 S.W.2d 449, 450[1] (Mo.App. 1980).

Section 452.340.1, RSMo Supp.1988, sets forth the factors to be considered in ordering child support. Husband has failed to demonstrate that the trial court improperly considered those factors or abused its discretion in ordering Husband to pay Wife child support of $250 per month per child. Husband's assignment of error regarding that aspect of the decree is denied.

Regarding the attorney fee award, Husband asserts the evidence was insufficient to establish Wife's need to have such expense borne by him.

Section 452.355, RSMo Supp.1988, governs the attorney fee award. A trial court, after considering all relevant factors including the financial resources of both parties, has considerable discretion in awarding attorney fees, and only when a trial court is shown to have abused the broad discretion with which it is vested will its award be overturned. *Kieffer v. Kieffer*, 590 S.W.2d 915, 917–19 (Mo. banc 1979); *In re Marriage of Medlock*, 749 S.W.2d 437, 446 (Mo.App.1988).

In the instant case each party was represented by two lawyers. Citing *Caruthers v. Caruthers*, 679 S.W.2d 358 (Mo.App. 1984), Husband asserts that if a wife has by her actions incurred unnecessary or duplicative legal services, that is a relevant factor to be considered by a trial court in assessing attorneys' fees. While we do not dispute that proposition as an abstract statement of law, Husband points to nothing in the record on appeal demonstrating that Wife incurred unnecessary or duplicative legal services. Indeed, one of Husband's lawyers, arguing the attorney fee issue in the trial court, stated the case had been litigated 15 months, that every issue "from top to bottom" had been litigated, and that it had taken four attorneys nine hours of "good-faith hard, intensive negotiations" to resolve all issues except maintenance, child support and attorney fees.

Additionally, in the $68,225 worth of marital property awarded Wife there was only $1,000 cash. The remainder consisted of the marital home, household goods and furnishings, a motor vehicle and a ring. The marital property awarded Husband and the nonmarital property set apart to him total $117,325. Of that, $37,000 are in "restricted or deferred accounts" and $5,000 are represented by household goods and furnishings, a motor vehicle and a ring. The remainder of Husband's property consists of "unrestricted" liquid assets.

The $5,452.50 Husband was ordered to pay toward Wife's attorney fees was less than half the total charged Wife by her lawyers. The trial court did not abuse its discretion in the attorney fee award.

The decree of dissolution of marriage is affirmed.

GREENE and PREWITT, JJ., concur.