**In re the MARRIAGE OF B. K. S., Appellant,**

**and**

**D. D. S., Respondent.**

**No. KCD 27497.**

Missouri Court of Appeals, Kansas City District.

March 29, 1976.

Roy W. Brown, Kansas City, for appellant.

David M. Swiss, Kansas City, for respondent.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

TURNAGE, Presiding Judge.

The wife filed a petition for dissolution of marriage and the husband filed a cross peti-

tion for dissolution. Each party requested custody of the two minor children and distribution of the marital property. The court granted a dissolution of the marriage, ordered custody of the children to the husband and awarded the family home and certain other property to the husband and some property to the wife.

On this appeal the wife contends the court erred in awarding custody of the children to the husband and in granting the family home to him. The judgment is affirmed.

The wife contends the evidence was insufficient to support the judgment awarding custody of the minor children to the husband. The evidence would justify the trial court in finding that prior to the separation of the parties, the wife neglected the children, a girl six and a boy three. There was testimony from neighbors the girl habitually ate breakfast at the neighbor's home because her mother did not prepare any. There were also many days when the mother did not send the girl to school. The neighbors also testified that prior to the time he was able to walk, the boy was allowed to play in the street unsupervised. Testimony also indicated both children frequently played in the street and cars had to honk to get them to move.

Two particular incidents of neglect occurred when the wife left both children out of doors with the door locked so the children could not get inside. The first time this occurred the weather was wet and cold and the boy was wearing only a Pamper and the girl only underpants and undershirt. The two children appeared at a neighbor's house and were fed breakfast after which the neighbor had to leave and she told the children to return home. When she returned herself about an hour later, the neighbor observed the children were still outside.

On the second occasion, the boy was outside wearing only a Pamper, even though it was very cold, and the boy's family dog kept knocking him down. A neighbor observed the boy outside with the dog knocking him down for two and one-half hours.

The child knocked on the door of his home trying to get inside but could neither get in nor did anyone answer the door. The neighbor stated she called the boy's home to see if anyone was home, and the mother answered. The neighbor hung up thinking the mother would hear the child crying and trying to get inside. However, she stated the child was not let inside so the child finally went to sleep on the back porch.

On the separation of the parties, the wife took the two children and moved to the home of a friend who was divorced and who had custody of her four children. The two women worked at the same place and arranged for the friend's older daughter and son to watch the younger children in question here.

The mother of the older boy, who was to watch over the children in this case, admitted her son had been treated at one time for an overdose of anti-depressant drugs.

The wife produced an employee of the County Welfare Office who made an investigation of the children after the wife had moved to the home of a friend. The Welfare worker found the children to be well dressed and clean and apparently well cared for.

■ The wife states the evidence does not show neglect after the separation, therefore, custody should have gone to her. However, the court was not confined to the quality of care after the separation, but properly considered all the evidence of her care.

■ In this review, this court is obligated to review the evidence and make its own findings of fact. However, it has been stated: "[t]he trial court's findings on the matter of custody are not to be lightly cast aside and we will defer to those findings unless we are firmly convinced that the welfare of these children requires some other disposition." *Johnson v. Johnson,* 526 S.W.2d 33, 36[6] (Mo.App.1975).

It has also been stated that "[t]he overriding consideration in determining child custody under the new law as well as the

old, is the best interest of the child." *In re Marriage of Powers,* 527 S.W.2d 949, 952 (Mo.App.1975).

■ Bearing the above well established rules in mind, this court has concluded the finding of the trial court that the best interest of the children requires their custody be given to the father is correct, given the evidence of neglect on the part of the mother. After a careful review of the evidence, this court is unable to find the welfare of the children requires some other disposition.

The wife contends the court erred in awarding the family home to the husband. Both parties filed a detailed statement of their own financial status. The parties agree the family home had a market value of $17,000 with an encumbrance of $14,000. The parties exhibited a complete accord as to the financial status of each and the statements filed reveal no difference in either the property involved or its value. The husband had take-home pay of $600 per month with total liabilities of about $1,900, and monthly payments of about $311. The wife was employed with take-home pay of $358 per month. She had removed personal property from the family home valued at $1,000, and had left household items valued at $250 there. The wife had a $600 savings account with no outstanding indebtedness.

The court awarded the 1971 Pontiac, the family home, and the personal property left therein, to the husband. The court awarded to the wife the personal property taken by her and her $600 savings account. The wife relies on a statement in *Coffey v. Coffey,* 485 S.W.2d 167 (Mo.App.1972) in which it was stated it would be unjust to permit either of the parties to walk away from a stricken marriage with all of the assets which their joint efforts had accumulated. That case is not applicable because this court was there speaking about the obligation of one spouse to account for property owned as tenants by the entirety which had been removed or appropriated. Further that case was decided prior to The Dissolution of Marriage Act under which the case at bar was decided.

■ Under Section 452.330, Laws 1973, ¶ 470, § 7, the court is required to divide marital property in such proportions as the court deems just after considering all relevant factors including those enumerated in that Section. It is obvious this does not require an equal division of the property, but rather requires the court to make a just division. This is borne out in *In re Marriage of Powers, supra,* in which it is stated: "It is not necessary that there be parity in the division of marital property." 527 S.W.2d 949, 957.

■ In reviewing the division of marital property under Rule 73.01, ¶ 3(a), this court reviews the case as in suits of an equitable nature. This has been held by this court to mean this court gives due deference to the findings and conclusions of the trial chancellor, and that this rule of deference is not to be ignored unless the evidence is insufficient to sustain the findings. See *R. L. S. v. J. E. S.,* 522 S.W.2d 5, 7 (Mo.App.1975).

■ It cannot be said the evidence is insufficient to support the finding of the trial court in the division of property it made. This is particularly true in view of the fact one of the considerations the statute requires the court to weigh is the desirability of awarding the family home to the spouse having custody of the children. Here the husband was awarded the custody of the children and that was a proper circumstance for the court to consider in awarding the family home to him.

The wife only complains of the division of property with respect to the family home, but it is necessary to consider the entire economic situation of the parties to review the division which the court made. Here the husband actually received slightly more in net value of property than the wife. In considering the total situation, including the factors required by the statute to be taken into consideration, the finding of the trial court finds ample support in the evidence.

The judgment is affirmed.

All concur.