In re the MARRIAGE OF Mary Carol HARKINS, Petitioner-Respondent,

and

Donald F. HARKINS, Respondent-Appellant.

No. 37954.

Missouri Court of Appeals, St. Louis District, Division One.

April 5, 1977.

James A. Pudlowski, St. Louis, for respondent-appellant.

Charles A. Lee, Jr., Clayton, Rudy D. Beck, St. Charles, for petitioner-respondent.

DOWD, Judge.

Donald Harkins appeals from the decree dissolving his twelve year marriage to respondent, Mary Carol Harkins, arguing that the trial court erred in dividing the parties' marital property and in awarding child support in the sum of $25.00 per week for each of the 3 minor children of the marriage.

In his first point on appeal, appellant challenges the trial court's division of the marital property of the parties, arguing that the trial court failed to consider all of the factors enumerated in Section 452.330 RSMo Supp.1973 pertinent to the division of property. Appellant maintains that the

court erred by awarding all of the marital property to respondent and by requiring appellant to assume a $2500 debt incurred during the marriage.

The major assets of the marriage are the family home, a 1974 Plymouth, and home furnishings worth approximately $1000. The trial court awarded all of this property to respondent. Evidently, the parties had kept separate bank accounts for some time, and the trial court made no award of sums held in bank accounts by either party. The parties owned no securities or insurance having an appreciable value.

■ We have reviewed the transcript and find no error in the division of martial property under the standard of review set forth in *Blessing v. Blessing,* 539 S.W.2d 699, 702[1–2] (Mo.App.1976). Section 452.-330 does not require an equal division of property but a just division. *In re B.K.S. and D.D.S.,* 535 S.W.2d 534, 536[4] (Mo.App. 1976); *In re Vanet,* 544 S.W.2d 236, 240[2] (Mo.App.1976); *Davis v. Davis,* 544 S.W.2d 259, 265[12] (Mo.App.1976).

■ Respondent was awarded the 1974 Plymouth, worth approximately $2000, owned in respondent's name. Appellant had the use of an automobile through his employment.

Respondent was also awarded the family home and its furnishings worth approximately $1000. The house had been purchased in late 1974 at a price of $32,900, subject to a first deed of trust of $24,000. Respondent paid $7000 toward the downpayment and appellant paid $5000.[1] The mortgage indebtedness had been reduced to approximately $20,000 at the time of the hearing. At that time, appellant had made

7 mortgage payments and respondent had made 6 mortgage payments. Respondent purchased most of the furnishings. Thus, appellant and respondent have both made substantial contributions toward the expenses of the family home. Respondent is to pay all mortgage payments in future.[2]

Appellant was ordered to pay a $2500 loan obtained during the parties' marriage. This loan was acquired in order to consolidate and refinance appellant's debts incurred while appellant lived and worked for one year in Illinois.

After considering the respective contributions of both spouses to the acquisition of the marital property, the parties' economic circumstances,[3] the desirability of awarding the family home to the custodial parent, and the conduct of the parties during the marriage, we cannot say that the trial court abused its discretion in the division of marital property. § 452.330 RSMo Supp.1973; *In re Vanet, supra* at 240; *In re B.K.S., supra* at 536[6].

Appellant's second point on appeal is that the trial court's child support order "discriminated against [appellant] on the basis of sex, and violated [appellant's] constitutional rights of due process under Amendments V and XIV to the Constitution of the United States and Article I, Section 10 of the Missouri Constitution, and also violated [appellant's] right to equal protection under Amendment XIV of the Constitution of the United States" because the child support order indicated that the male parent is primarily obligated to support children born of a marriage. Appellant's point relied on contends that the evidence before the trial court indicates that the trial court discriminated against appellant on the basis of sex,

1. Appellant made the major contribution of funds to buy the parties' prior residence. The proceeds from the sale of the prior residence were used to repay the $5000 loan obtained by the parties in order to make the downpayment on the parties' present residence. The remainder of the proceeds from the sale of the prior residence (approximately $4000) was used to make improvements in the present residence.

2. Because respondent assumes the mortgage obligation, respondent will have paid approxi-

mately $30,000 toward the acquisition and furnishings of the family home when the mortgage indebtedness is paid. Appellant will have paid approximately $11,000.

3. Appellant earns a gross salary of approximately $14,000 a year as an automobile salesman. He has earned as much as $19,000 a year in prior years. Respondent's gross income is approximately $12,000 a year. She works for Ira Berry.

suggesting that Section 452.340 RSMo Supp.1973, the child support provision, was applied in an unconstitutional manner. The argument portion of appellant's brief goes beyond the contention of the point relied on and challenges the constitutionality of Section 452.340 RSMo Supp.1973.[4]

If appellant's constitutional issue has been properly raised and requires consideration on its merits, the case must be transferred to the Supreme Court. Art. V, §§ 3, 5 Mo.Const.; *Williams v. Williams,* 498 S.W.2d 585, 587[3] (Mo.App.1973). However, to be preserved, a constitutional question must be raised at the first opportunity. *Williams v. Williams, supra* at 587[4]. Appellant's claim that Section 452.340 RSMo Supp.1973 is unconstitutional should have been raised in the pleadings prior to trial and is, therefore, not preserved for review. *Williams v. Williams, supra* at 588[5].

Appellant's claim that Section 452.-340 RSMo Supp.1973 was applied in an unconstitutional, manner, resulting in an unconstitutional child support order, was raised at the first opportunity after the allegedly unconstitutional award was entered in appellant's motion to amend the judgment or, in the alternative, for a new trial. Nevertheless, we believe that the Court of Appeals retains jurisdiction over this case because no real and substantial issue requires construction of either the United States or Missouri Constitutions. *In re D.M.H.,* 516 S.W.2d 785, 787[1] (Mo.App. 1974); *Forbis v. Associated Wholesale Grocers, Inc.,* 513 S.W.2d 760, 767[8] (Mo.App. 1974). In order to deprive the Court of Appeals of its jurisdiction, the asserted constitutional question must be real and substantial and not merely colorable. *Forbis, supra* at 767[8].

Our examination of the transcript in the case at bar yielded no evidence indicating the trial court imposed the major child support obligation upon appellant. The trial court ordered appellant to pay $25.00 per week per child (a total of $75.00 per week) for the support of the 3 children of the marriage. Although appellant testified that it would take only $267.00 per month ($61.62 per week) to support the 3 children, respondent testified that $500 per month ($115.38 per week) was required to support these children. The trial court made no specific finding as to the amount required to support the children, but it is obvious that the court believed appellant's estimate was too low. Our review of the transcript did not disclose any evidence indicating that such a decision by the trial court was an abuse of discretion. The amount of the child support order evinces a purpose to balance the needs of the children against the ability of the parent to pay support. *L.J.S. v. V.H.S.,* 514 S.W.2d 1, 8[13] (Mo. App.1974). If the trial court agreed with respondent's estimate of the amount necessary to support the children ($500 per month), the trial court's order requiring appellant to pay $325.00 per month to support the children does require the appellant to pay more than half of the children's expenses. However, if respondent's activities and services as custodian of the children are considered, we do not believe that the award evinces a purpose to impose the major parental burden upon appellant.[5]

We find no error in the dissolution decree and affirm the judgment of the trial court.

CLEMENS, P. J., and WEIER, J., concur.

---

4.  One of six factors to be considered by the trial court in setting the amount of child support is "the father's primary responsibility for support of his child". § 452.340(1) RSMo Supp.1973.

5.  Although Section 452.340 RSMo Supp.1973 does not list the custodial parent's services as a factor to be considered in setting a support order, the factors enumerated in Section 452.-340 are not exclusive. *In re Dodd,* 532 S.W.2d 885, 888[4] (Mo.App.1976).