## In re the MARRIAGE OF Mary PENDER, Respondent,

and

**Leo A. Pender, Appellant.**

No. 41348.

Missouri Court of Appeals, Eastern District, Division Three.

Nov. 20, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 16, 1980.

Application to Transfer Denied March 11, 1980.

Leo A. Pender, pro se.

James E. Booth, Clayton, for appellant.

Thomas L. Story, St. Louis, for respondent.

CLEMENS, Senior Judge.

Both wife and husband sought dissolution and the trial court dissolved their turbulent marriage. The husband appeals, challenging only the division of marital property, the allowance of child support and attorney's fee.

■ In our review of such a discretionary ruling we follow the principle declared in *Kasper v. Helfrich*, 421 S.W.2d 66, 1. c. 69 (Mo.App.1967): "Appellate courts will interfere with the trial court's exercise of discretion only when it has been manifestly abused; that discretion is abused only when the trial court's ruling runs against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to show a lack of careful consideration and shock the sense of justice; if reasonable men can differ about the propriety of the action taken by the trial court, then the trial court did not abuse its discretion."

■ By his first point the husband challenges the weekly $35 support allowance for the parties' 19 year old son, contending the son had been emancipated. We disagree. The son, still living in the parties' home, had previously been employed at minimum wages doing menial work for periods of one and five months. During those times he contributed lightly to his living expense. Other facts refute emancipation; the son

had a substantial permanent loss of hearing and barely a grade school intellect. We hold the husband failed to sustain his burden of showing emancipation. Compare *Specking v. Specking*, 528 S.W.2d 448, 1. c. 451, 452 (Mo.App.1975). Nor did a violent fight between father and son constitute emancipation; that did not relieve the father from parental duty of support. We hold the trial court did not err in awarding child-support.

■ By his second and principle point the husband challenges the trial court's division of marital property, concededly weighted in the wife's favor. This imbalance arises from awarding the family home and furnishings to the wife. The home was valued at $32,000 subject to an $8,000 debt, which the court ordered the wife to pay at $128 a month. Her equity was $24,000. The trial court could consider these additional factors: The husband's gross annual income was $11,400 and the wife's was $5,070; there was no maintenance award to the wife; for the past ten years she had been employed and contributed to home expenses; she was physically handicapped by the congenital absence of a hand and could not drive; the minor son was physically and mentally disabled. Thus, awarding the family home to the wife-mother involved factors not measurable in dollars and award of the home is expressly permitted by Sec. 452.330, subd. 1(3) RSMo. 1969. Courts have acknowledged the desirability of awarding a family home to the custodial parent; this can create a just division, even if it is not an equal one. *D. L. L. v. M. O. L.*, 574 S.W.2d 481(7) (Mo.App.1978); and *In re Marriage of Harkins*, 548 S.W.2d 583(2) (Mo.App.1977).

As to personal property divided: The court awarded the wife $2,000 from her husband's pension fund and her own $588 pension fund. This $2,588 award was subject to the wife's obligation to pay $654, accumulated debts. The court awarded the husband the $6,307 balance in his pension fund and the family car valued at $700. This award was subject to the husband's obligation to pay $2,067 in accumulated

family debts. In sum, from the parties' net personal assets the court awarded $1,934 to the wife and $4,940 to the husband.

Under Sec. 452.330, RSMo., the trial court must divide marital property "in such proportions as the court deems just after considering all relevant factors." This requires a just but not an equal division, and we uphold the trial court absent a showing by the appealing party that the trial court has abused its discretion. *In re Marriage of Cornell*, 550 S.W.2d 823(1, 2) (Mo.App.1977). The husband has not met his burden of showing the trial court abused its discretion to the degree required by *Kasper v. Helfrich*, supra. We deny the husband's contention concerning the division of marital property.

The husband contends the trial court based its award in part on the wife's evidence of his misconduct, an allowable factor under R.S. 452.330 subd. 1(4). There was evidence of severe antagonism but it was mutual and the record is void of any indication the court considered that factor.

█ The husband's final point is that the trial court erred in ordering him to pay $1,500 of the wife's $2,300 attorney fee. Under Sec. 452.355 RSMo. 1969 such allowance is to be made "considering all relevant factors including the financial resources of both parties." Considering the relevant factors recited above, particularly the husband's superior earning power, we hold the husband has failed to meet his burden to show an abuse of discretion.

Judgment affirmed.

DOWD, P. J., and REINHARD and CRIST, JJ., concur.