STATE of Missouri ex rel. John ASHCROFT, Attorney General of Missouri, and the Missouri Clean Water Commission, Plaintiffs-Appellants,

v.

Larry A. CHURCH, as Trustee of LaCal Investment, Inc. and Individually d/b/a LaCal Trailer Park, Defendant-Respondent.

No. 46673.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 3, 1984.

Motion For Rehearing and/or Transfer to, Supreme Court Denied Feb. 17, 1984.

Application to Transfer Denied,
March 20, 1984.

Danny R. Summers, Public Counsel, Jefferson City, for plaintiffs-appellants.

Earl R. Blackwell, Hillsboro, for defendant-respondent.

KAROHL, Presiding Judge.

The State of Missouri at the relation of the Missouri Attorney General and the Missouri Clean Water Commission, hereinafter referred to as the state, appeals from a judgment in a court-tried case. The judgment enjoined respondent Larry Church from violating the Missouri Clean Water Law, Chapter 204, but failed to impose any civil penalties. Church owns and operates a forty-seven pad trailer park in Jefferson County. All sewage generated at respondent's LaCal Trailer Park flows to a sewage treatment plant on the grounds, and the effluent is discharged into a Jefferson County stream. This activity is regulated by the Clean Water Law.

In a statutory action pursuant to § 204.076.1,[1] the state sought an injunction against respondent and the maximum civil penalty of $10,000 per day or part thereof during which a violation of the Clean Water Law had occurred. The trial judge found that respondent had violated specific provisions of that law, regulations promulgated pursuant thereto, and a discharge permit issued by the Clean Water Commission. The state asks us to reverse the trial court's judgment insofar as it denied a civil penalty and to assess a penalty we find proper under the facts. We affirm.

The state contends that the trial court (1) erroneously declared and applied the law by declining to impose a civil penalty for reasons not listed in § 204.076.4; and (2) abused its discretion in failing to award such penalty because respondent's violations were willful, knowing, and continuing.

Few facts are in dispute. On January 2, 1976, defendant obtained the required discharge permit from the Clean Water Commission. The permit expired January 1, 1981. At trial respondent stipulated to his many violations of the Clean Water Law,

1. All statutory references are to RSMo 1978.

the regulations, and his permit, from 1976–1982, including failure to file quarterly effluent monitoring reports, failure to comply in June, 1980 with the effluent limitations set forth in his discharge permit, failure to maintain and efficiently operate his sewage treatment facility, and failure to apply for a renewal of the discharge permit until October 1, 1982. Both parties agreed that the respondent's sewage treatment facility was operating properly and the effluent limitations were being met at the time of trial.

In July, 1980, after several letters from the Missouri Department of Natural Resources notifying respondent that his sewage treatment plant was not operating properly, he hired an operator for the facility. The problems with the facility continued, and in November, 1981, respondent hired a new plant operator. Respondent spent approximately $4000.00 from November, 1981 until October, 1982 to bring the facility into compliance.

The trial court found defendant violated the Clean Water Law in that he (1) failed to comply with the provisions of his permit by not filing quarterly reports and failing to keep the plant in good working order; (2) failed to meet the standards in the effluent regulations in June, 1980 and April, 1981; (3) caused pollution of state waters; and (4) failed to obtain a discharge permit from January 1, 1981 until September 30, 1982, all in violation of §§ 204.051 and 204.076. The court permanently enjoined and restrained respondent from discharging any effluent in excess of the effluent limitations of the prior discharge permit or the limitations of any future permit issued to him. The trial court also enjoined and ordered respondent to perform testing and file the required monitoring reports. No civil penalty was assessed.

The state contends that the trial court improperly relied upon reasons mentioned in the court's judgment but not listed in § 204.076.4 to deny a civil penalty, to wit: (1) respondent "confessed" to his violations by way of stipulation; (2) respondent had personal problems during much of the violation period; (3) respondent made positive changes to correct the violations; (4) respondent exhibited a positive attitude toward future compliance; (5) the injunction will invoke contempt powers to insure future compliance; (6) in such a small operation a penalty might use funds necessary for future compliance; and (7) a civil penalty by law enriches the school fund and is not available to promote clean water.

There are two types of penalties for violations of the Clean Water Law as set forth in § 204.076: civil, § 204.076.1, and criminal, § 204.076.3. These sections in pertinent part are as follows:

1. It is unlawful for any person to cause or permit any discharge of water contaminants from any water contaminant or point source located in Missouri in violation of sections 204.006 to 204.141, or any standard, rule or regulation promulgated by the commission. In the event the commission or its executive secretary determines that any provision of sections 204.006 to 204.141 or standard, rules, limitations or regulations promulgated pursuant thereto, or permits issued by, or any final abatement order, other order, or determination made by the commission or the executive secretary, or any filing requirement under sections 204.006 to 204.141 ... is being, was, or is in imminent danger of being violated, the commission or executive secretary may cause to have instituted *a civil action* in any court of competent jurisdiction for the injunctive relief *to prevent* any such violation or further violation or for the assessment of a penalty not to exceed ten thousand dollars per day for each day, or part thereof, the violation occurred and continues to occur, or both, *as the court deems proper.* (our emphasis) ...

3. Any person who willfully or negligently commits any violation set forth in subsection 1 shall, upon conviction, be punished by a fine of not less than twenty-five hundred dollars nor more than twenty-five thousand dollars per day of violation, or by imprisonment for not more than one year, or both.

The statute forbids the court from imposing penalties, civil or criminal, for a violation "caused by an act of God, war, strike, riot, or other catastrophe." § 204.-076.4. Where, as here, none of these statutory defenses are available the court retains the discretionary power granted to it in § 204.076.1 to assess or deny a civil penalty as it "deems proper". The trial court stated the factors it took into account in exercising its discretion. These factors were not meant to be, nor are they, additional absolute defenses to liability. The fact that the court articulated the reasons behind its decision did not conflict in any way with the existence of statutory defenses in § 204.-076.4. We find the state's point without merit.

The state next argues that the trial court abused its discretion by awarding no penalty where the violator's actions were willful, knowing, and continuing.

The Clean Water Law contains no guidelines for the court in determining the situations in which a civil penalty is appropriate. The court is granted broad discretion to award penalties as it "deems proper". The appellate court will only interfere with the trial court's exercise of discretion where it has been manifestly abused. *In re Marriage of Pender*, 593 S.W.2d 230, 231 (Mo.App.1979).

> Judicial discretion is abused when a trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration; if reasonable men can differ about the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion.

*Shirrell v. Missouri Edison Co.*, 535 S.W.2d 446, 448 (Mo. banc 1976) (quoting *James v. Turilli*, 473 S.W.2d 757, 763 (Mo.App.1971)). The trial court's ruling is presumed to be correct, and the appellant has the burden of proving an abuse of discretion. *Shirrell*, 535 S.W.2d at 448.

The trial judge's findings indicate he exercised his discretion and carefully considered the issue before refusing a civil penalty. Although not all of the court's findings were supported by substantial evidence,[2] we find sufficient evidence for the majority of his conclusions. We are concerned that a failure to award penalties may encourage individuals to refuse to pay the costs of compliance until they are brought into court. Under the circumstances of this case and the broad language of the statute, however, we are constrained to uphold the trial court's judgment. Further, the statute authorizes the imposition of criminal penalties, if requested. We find no abuse of discretion.

Judgment affirmed.

REINHARD and CRANDALL, JJ., concur.

---

2. The record did not indicate that respondent was financially unable to pay a penalty, and there was not substantial evidence that he had emotional problems sufficient to excuse compliance with the law.