SNYDER, P.J., and ROBERT WELBORN, Special Judge, concur.

**Robert Merle DIEHL, Appellant,**

v.

**Joan Ann DIEHL, Respondent.**

**No. 46274.**

Missouri Court of Appeals,
Eastern District,
Division Six.

May 15, 1984.

Frank E. Wallemann, St. Louis, for appellant.

Gary M. Kupferle, St. Louis, for respondent.

CLEMENS, Senior Judge.

Husband sued his wife to dissolve their 20-year marriage. The trial court granted dissolution and divided the marital property.

The court also awarded the wife $455 monthly maintenance, $300 monthly to support the parties' teenage son and $450 for her attorney's fee. Husband's appeal is limited to those three allowances, contending each is excessive.

The range of our review is limited by *Murphy v. Carron*, 536 S.W.2d 30 [1–3] (Mo. banc 1976). As applied here we must affirm the trial court's decree unless there is no substantial evidence to support it, or we have a firm belief the judgment is wrong. See also the husband's stark burden to show an abuse of discretion that shocks our sense of justice; *In re Marriage of Pender*, 593 S.W.2d 230[1, 2] (Mo. App.1979). We reach no such conclusion.

As to the $455 monthly support allowance: The wife has been unemployed since the first months of marriage, she is a diabetic and has had major surgery four times; she cannot drive. The evidence does not support husband's contention his wife can support herself. Compare the factually similar case of *Ort v. Ort*, 652 S.W.2d 184 (Mo.App.1983), following *Bull v. Bull*, 634 S.W.2d 228 [5–7] (Mo.App. 1982).

In this we have considered husband's contention the wifely allowances exceeded his income left after his own alleged $971 living expenses—double the wife's support allowance. But husband was awarded other non-essential assets: Three cars, a motor boat, a canoe and a camper. We conclude the wife's $455 monthly allowance is not shown to be excessive.

Husband cites no authority in contending the $300 monthly child support is excessive. This was $75 less than the wife's itemized list of the son's expenses. Point denied because husband has not met his burden of showing an excessive child support allowance.

As said, husband challenges the $450 allowance to the wife's attorney. Counsel testified the reasonable value of his services was $840. The award left the wife in debt to him for the $390 balance. We deny husband's contention of error. Compare *Beckman v. Beckman*, 545 S.W.2d 300 [8, 9] (Mo.App.1976).

Affirmed.

CRIST, P.J., and REINHARD, J., concur.