Janet Sue IRWIN, Respondent,

v.

Donald Boss IRWIN, Appellant.

No. WD 35285.

Missouri Court of Appeals,
Western District.

Aug. 14, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and
Denied Oct. 2, 1984.

Joseph Howlett, Clayton, for appellant.

Craig A. Van Matre, Columbia, for respondent.

Before PRITCHARD, P.J., and SOMER-VILLE and KENNEDY, JJ.

PER CURIAM:

Husband appeals from portions of decree of dissolution of marriage awarding custody of minor children to wife with limited visitation rights to husband, awarding wife maintenance and attorney fees, and dividing marital property. He also challenges the trial court's previous order awarding wife temporary maintenance. Wife has filed a motion for attorney fees on appeal which is taken with the case.

Judgment affirmed and cause remanded with instructions.

Husband first assigns as error the placing of the minor children in the custody of

the wife and the limitation of husband's weekly visitation rights to a time and place to be arranged by the Missouri Division of Family Services. The periods of visitation were to be not less than four hours each week and were to be under the supervision of that agency.

■ It is claimed that the trial court abused its discretion in this matter because the record shows no abuse of the boys by their father. However, respondent has filed a transcript of testimony of the older boy from a hearing on the husband's motion for temporary custody. This transcript had not been included in the husband's record on appeal. The boy's testimony showed that, having suffered his father's blows whenever the father became intoxicated—some three or four times a week—and having witnessed the father's physical abuse of the mother for as long as he could remember, the boy was afraid to be alone with the father. The father had repeatedly abused the mother in the children's presence and, in one instance, had hurt the older boy in an attempt to attack the mother. The assertion that there is no likelihood of physical abuse of the boys by the father is contradicted by this testimony. The point is denied.

■ Husband further complains, incidentally to his complaint that the evidence does not justify the restriction on the visitation, that the trial court made no express finding as a predicate therefor, "that visitation would endanger the child's physical health or impair his emotional development", § 452.400(1), RSMo 1978. No fact findings were requested. The facts are deemed to have been found in accordance with the result reached. Rule 73.01(a)(2). Compare *Broyles v. Broyles*, 555 S.W.2d 696, 697, 698 (Mo.App.1977).

■ Husband further challenges the awards of maintenance, child support, attorney fees, the division of marital property, and the reception of evidence in the hearing on motion for temporary maintenance and in the dissolution trial. These points are denied. An extended opinion of these issues would have no precedential value. Rule 84.16(b).

■ The wife has filed with this court a motion for attorney fees on appeal. We deny the request and remand to the trial court for a determination of the issue of the wife's attorney fees on appeal. *Orth v. Orth*, 637 S.W.2d 201, 206–07 (Mo.App. 1982); *Brucker v. Brucker*, 607 S.W.2d 444, 444–45 (Mo.App.1980).

Judgment affirmed and cause remanded for determination of issue of wife's attorney fees on appeal.