**Joseph L. GAAL, Petitioner-Appellant,**

v.

**Jeanine M. GAAL, Respondent.**

**No. 50555.**

Missouri Court of Appeals,
Eastern District,
Division Seven.

April 7, 1987.

James M. Martin, St. Louis, for petitioner-appellant.

William Gartenberg, Clayton, for respondent.

JAMES D. CLEMENS, Special Commissioner.

Husband Joseph L. Gaal sued to dissolve his twenty-year marriage with wife Jeanine M. Gaal. She joined in seeking dissolution.

The trial court dissolved the marriage and divided the parties' property. Husband appeals from the division decree.

Here the husband dually claims error. First, in granting wife $588 monthly maintenance where husband's monthly pension as a retired policeman was only $1,114 and there was no finding wife was unable to support herself. To this first point wife answers the decree did have evidentiary support. Secondly, husband contends the court erred in further giving the wife 60% of the marital property, this in view of his

reduced future earning capacity. To this second point wife also responds the challenged award was supported by the evidence.

The trial court's decree, so far as now pertinent: Although wife testified to her monthly needs being over $1,389 the court awarded her only $588 monthly support; also her car, jewelry and other personalty in her possession, and the family home and its contents, excepting husband's personal effects therein and one bedroom set. The trial court awarded husband the parties' 20–acre farm and the personalty thereon, a lot at Terre DuLac, a passenger car and pickup truck, his bank account, his insurance policies and other personal property in his possession.

We now look to the scope of our review. Because neither party requested findings of facts or conclusions of law, we weigh the evidence according to the results reached. We will uphold the decree under any theory having evidentiary support. *McKnight v. McKnight,* 638 S.W.2d 789, 790[1] (Mo.App.1982). And, we weigh the facts in accordance with the result reached. *Irwin v. Irwin,* 678 S.W.2d 861[2] (Mo.App. 1984). So, here the husband has an onerous burden.

In summary, the relevant evidence was that although wife had sometimes been employed as an unskilled worker, by trial time she was partially disabled by high blood pressure and surgery. Both parties testified the family home awarded to wife was worth from $65,000 to $70,000 and the husband's farm was worth $25,000. Husband had from time to time been treated for alcoholism. Twice, husband had beaten his wife requiring hospital care and she was afraid of him. As to husband's financial condition, he was getting a life-time pension of $1,369 a month. He had contributed $41,870 to his pension fund. Also, by husband's secondary, part-time work he had earned $3,000 in 1983; there was no evidence he could not continue to do so.

In considering husband's challenge to the trial court's decision we consider that "the division of the marital property must be just but need not be an equal division."

See *Madden v. Madden,* 585 S.W.2d 220[1, 2] (Mo.App.1979).

The case of *Diehl v. Diehl,* 670 S.W.2d 590[2] (Mo.App.1984) was quite parallel to our case. There we considered that the wife had not been regularly employed, was diabetic and had had major surgery and that even though the wife's award exceeded his earnings the trial court had properly considered the husband's non-essential assets of personal property. So it is here.

█ Our oft-quoted case of *Bull v. Bull,* 634 S.W.2d 228[5–7] (Mo.App.1982) concerned husband's challenge to spousal allowances. We laid down these three principles: First, the amount of maintenance is discretionary and on appeal the husband bears the burden of showing abuse of discretion. Second, the husband's earnings are evidence of his capacity to pay the ordered maintenance. Third, the award must be affirmed absent, as here, a showing the allowance granted below is patently unwarranted and wholly beyond the husband's means. Here, we hold the husband has utterly failed to meet the challenge of the cited *Bull* case.

Decree affirmed.

KAROHL, P.J., and GARY M. GAERTNER, J., concur.