Jeanie L. STEWART,
Plaintiff–Appellant,

v.

SIEBEN, INC. and Mercedes Benz of
North America,
Defendant–Respondent.

No. 55721.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 26, 1989.

Rehearing Denied Jan. 24, 1990.

Charles P. Todt & Associates, John Bleckman, Clayton, for plaintiff-appellant.

Bryan, Cave, McPheeters & McRoberts, Peter W. Herzog III, St. Louis, for defendant-respondent.

PUDLOWSKI, Presiding Judge.

This is an appeal from the trial court's dismissal of appellant's amended petition. We affirm.

On April 11, 1986, appellant purchased a 1986 Mercedes–Benz 190E from respondent Sieben, Inc., d/b/a The Plaza Motor Company (Sieben). Some nineteen months and thirteen days later, appellant filed a petition against Sieben alleging a cause of action based upon Sieben's failure to comply with the new motor vehicle warranties. Sieben filed a motion to dismiss on the grounds that the sales contract entered into with appellant expressly disclaimed all warranties. On February 8, 1988 appellant filed a motion to amend and to join an additional party. On June 14, 1988 appellant's motion to amend her petition and to join Mercedes–Benz of North America (M.B.N.A.) was granted by leave of court. Appellant's amended claim was against both parties for violation of Missouri's "Lemon Law," §§ 407.560–407.579 RSMo (1984). Respondents moved for dismissal on grounds that appellant's claim was time barred and Sieben was not subject to the provisions of the Lemon Law. Upon hearing, the court granted respondent's motion.

Appellant initially asserts that the trial court erred in dismissing her amended petition. She also complains that the court denied her leave to amend her pleadings and failed to make written findings of fact and conclusions of law in support of its rulings. She also alleges that the trial court abused its discretion in not permitting her to amend her amended petition.

Appellant states in her amended petition that she has a cause of action pursuant to § 407.560 RSMo (1984) et al. for non-conformity of a new motor vehicle warranty against both defendants, Sieben and M.B.N.A.

The pertinent sections of the Lemon Law are:

407.573 Warranty extension, when— complaint remedies information to be furnished—notice to manufacturer required—manufacturer's duties, time limitation

1. The terms, conditions, or limitations of the express warranty or the period of one year following the date of original delivery of the new motor vehicle to a consumer, whichever expires earlier, may be extended if the new mo-

tor vehicle warranty problem has been reported but has not been repaired by the manufacturer, or its agent, by the expiration of the applicable time period.

2. The manufacturer shall provide information for consumer complaint remedies with each new motor vehicle. It shall be the responsibility of the consumer, or his representative, prior to availing himself of the provisions of Sections 407.-560 to 407.579, to give written notification to the manufacturer of the need for the repair of the nonconformity, in order to allow the manufacturer an opportunity to cure the alleged defect. The manufacturer shall immediately notify the consumer of a reasonably accessible repair facility of a franchised new vehicle dealer to conform the new vehicle to the express warranty. After delivery of the new vehicle to an authorized repair facility by the consumer, the manufacturer shall have ten calendar days to conform the new motor vehicle to the express warranty. Upon notification from the consumer that the new vehicle has not been conformed to the express warranty, the manufacturer shall inform the consumer if an informal dispute settlement procedure has been established by the manufacturer in accordance with section 407.575. However, if prior notice by the manufacturer of an informal dispute settlement procedure has been given, no further notice is required.

3. Any action brought under sections 407.560 to 407.579 shall be commenced within six months following expiration of the terms, conditions, or limitations of the express warranty, or within eighteen months following the date of original delivery of the new motor vehicle to a consumer, whichever is earlier, or, in the event that a consumer resorts to an informal dispute settlement procedure as provided in sections 407.560 to 407.579, within ninety days following the final action of any panel established pursuant to such procedure.

407.575 Manufacturer with approved settlement procedure, consumer's duty

If a manufacturer has established an informal dispute settlement procedure which complies in all respects with the provisions of the code of Federal Regulations, 16 C.F.R. 703, provisions of sections 407.560 to 407.579 concerning refunds or replacements shall not apply to any consumer who has not first resorted to such procedure.

As to appellant's claim against Sieben, she alleges that she purchased the Mercedes–Benz automobile from Sieben, that it was defective and Sieben failed to conform her automobile to the expressed warranties within ten days. She further alleged that she notified Sieben of the defect and that she had complied with all the requirements of the warranty dispute resolution procedure as set out in respondent M.B.N.A.'s Owners Service and Warranty Policy Manual. She also averred Sieben failed to inform her of any warranty dispute resolution procedure other than that outlined in the Owner Service and Warranty Policy Manual.

We first note no fact findings were requested. The facts are deemed to have been found in accordance with the result reached. Rule 73.01(a)(2). *Irwin v. Irwin*, 678 S.W.2d 861 (Mo.App.1984).

■ The trial court could have found that appellant did not comply with the Lemon Law with respect to Sieben. Section 407.573.2 RSMo (1984) states "It *shall be* the responsibility of the consumer, or his representative, prior to availing himself of the provisions of Sections 407.560 to 407.-579 to *give written notification* to the *manufacturer* ...." In appellant's initial petition and her amended petition she explicitly states that she notified Sieben, a dealer, not the manufacturer. She simply failed to notify the proper party in order to avail herself of the provisions of the Lemon law. It is to be noted in her brief that she alleged that she notified "defendants." From the record this is inaccurate and the trial court was correct in dismissing her amended petition against Sieben.

■ We now review appellant's claim against M.B.N.A. The manufacturer in its motion to dismiss appellant's amended petition alleged that appellant's claim is time-barred by the express provision of § 407.573.3 RSMo (1984) which provides in relevant part:

Any action brought under sections 407.560 to 407.579 shall be commenced within six months following expiration of the terms, conditions, or limitations of the express warranty, or within eighteen months following the date of original delivery of the new motor vehicle to a consumer, whichever is earlier....

The trial court, after a hearing, dismissed appellant's petition against M.B.N.A.

Appellant's "Motion for New Trial" requested the trial court to reverse its dismissal of the Amended Petition on grounds that appellant and respondent had engaged in an informal dispute settlement procedure which tolled the statute of limitations under the Lemon Law. Alternatively, appellant contends that she had engaged in an informal settlement procedure which was deceptively similar to that which would have tolled the statute of limitations under the Lemon Law and that respondent was therefore equitably estopped to assert the statute of limitations as a defense. In opposition to Appellant's motion, respondent filed a sworn affidavit stating that M.B.N.A. does not have an informal dispute settlement procedure for resolving Lemon Law claims. Additionally, respondent filed with the trial court a copy of the 1986 Mercedes–Benz Warranty manual which explains its warranty procedure. Appellant claims this procedure is deceptively similar to that described in the Lemon Law and therefore states that she indeed followed the correct procedure and was consequently within the time provisions. After argument, the trial court denied appellant's motion.

A review of the requirements and provisions of 16 C.F.R. Section 703[1] and M.B.N.A.'s Owner's Service and Warranty Policy Manual lead us to the conclusion that the trial court found M.B.N.A. does not provide in its manual an informal dispute mechanism pursuant to 16 C.F.R. Section 703.

In response, appellant argues that a manufacturer, M.B.N.A., is required to notify a consumer in the event it does not have a procedure. We disagree. The clear language of Section 407.573.2 RSMo (1984) dictates that the manufacturer after receiving written notice from the consumer has an affirmative requirement of notice *if* a procedure exists and if the procedure is in compliance with Section 407.575 RSMo (1984). Appellant's point is denied.

In her second point of claimed error she alleges the trial court misconstrued the law and abused its discretion in denying her leave to amend in that her allegations clearly invoked the doctrine of equitable estoppel which, if accepted, tolls the applicable limitation period and therefore states a cause of action.

Appellant's claim is without merit. We have ruled above that the evidence was sufficient to support the trial judge's decision and under the facts of this case no additional probative evidence could state a claim under the Lemon Law statute.

Judgment affirmed.

CRANDALL and KAROHL, JJ., concur.

---

1. This section is quite lengthy and would serve no useful purpose for this opinion to publish Section 703 in its entirety.