**D.L.M., Plaintiff–Respondent,**

v.

**L.E.M., Defendant–Appellant.**

**No. 56261.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 17, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 16, 1990.

Deborah J. Tomich, Wayne T. Schoeneberg, Knight & Schoeneberg, St. Charles, for defendant-appellant.

Robert G. Kister, Radford R. Raines, III, Pannell, Dodson & Kister, Festus, for plaintiff-respondent.

SMITH, Judge.

Defendant appeals from a judgment in this dissolution case awarding custody of the two daughters to plaintiff-mother. We affirm.

There was substantial evidence that mother has a history of alcohol abuse, marijuana abuse, and sexual promiscuity. She has made some efforts to obtain help for the first two conditions but has had, at best, moderate success in controlling those conditions. There was evidence from which the trial court could conclude that the father had sexually abused both the five year old daughter and the three year old daughter on a recurring basis. The trial court placed custody with the mother and granted the father visitation privileges under supervision of father's sister. The court did not find that the evidence "established by a preponderance ... respondent has sexually abused the children." It did find "there is adequate evidence in the record to warrant a legitimate concern of possible sexual abuse" to justify an order to protect the children from the possibility of such abuse without impinging on the father's ability to have regular and proper contact with the children. The court also awarded mother attorney's fees of $2,100. No appeal was taken from other aspects of the dissolution decree. Father contends that the evidence upon which the sexual abuse "concern" was based was improperly admitted into evidence. Three different items of evidence are involved.

■ The first was the deposition of a psychologist who was treating the two girls. The deposition did not on its face establish the non-availability of the witness for testimony at the hearing. Rule 57.07. Mother premises admissibility upon section (a)(3)(E) of the rule "that the witness resides in a county other than the one in which the trial is held." The decision to admit deposition testimony pursuant to the rule is largely within the discretion of the trial court. *Kunzler v. Estate of Kunzler*, 598 S.W.2d 139 (Mo. banc 1980) [4, 5]. Neither party has cited us to authority for the level of proof required to establish non-residence in the county. Incorporated as a part of the deposition was the curriculum vitae of the witness. It listed three addresses for the witness, none within Jefferson County. The addresses listed were not identified as to whether they were residence or business or both. Neither party questioned the witness about his residence address. We are unable to conclude that the court abused its discretion in admitting the deposition.

■ The second item of evidence was the testimony of a therapist who had treated the children. The only objection to this testimony was that the witness was produced after mother had closed her case. We do not find the objection preserved. Shortly after father had begun presenting his evidence, mother requested permission to put on the therapist out of turn. The therapist had not been produced earlier because counsel "was not aware she would be available." Father objected on the basis mother's case was closed. The court responded "I will decide that later. Let's hear your case now." After father rested his case, mother called the therapist. No objection was voiced. Father contends that having made an objection and having it overruled, he was under no further obligation to object. *State ex rel. State Highway Commission v. Offutt*, 488 S.W.2d 656 (Mo.1972) [4, 5]. We disagree. The court never ruled on father's objection, but instead indicated the matter would be taken up later. Father's objection was not overruled and it was his obligation to again object when the witness was tendered. When the witness was subsequently tendered, no objection was made. The specific identity of the witness had not been re-

vealed to the court at the earlier occurrence and there was no basis for the court being aware that the witness called was the earlier witness referred to. We cannot conclude that the trial court was properly apprised of the objection to the testimony of the witness. We find no error in admitting the testimony.

█ The same absence of preservation also infects father's challenge to the third item of evidence-the medical records of the children. When mother moved the admission of the records, father objected "I don't believe there's a full foundation relating to their admission." On appeal he contends that the foundation was deficient on the mode for preparation. A general objection of lack of foundation does not bring to the court's attention the aspect of the foundation which is lacking. As such it is inadequate to preserve the matter for review. *Pazdernik v. Decker*, 652 S.W.2d 319 (Mo. App.1983) [2, 4].

█ Father next contends that the evidence does not support a finding that he has engaged in sexual conduct with the children and therefore the award of custody to mother is not in the children's best interest. While father contends the testimony concerning his alleged abuse was hearsay, no objection on that basis was made at trial. In any event the evidence meets the criteria set forth in *In Interest of S.M.*, 750 S.W.2d 650 (Mo.App.1988) [2, 3] for admission. We need not outline the evidence presented. It established that the children physically manifested signs consistent with sexual abuse and the eldest stated to several people that her father had abused both children. It can be acknowledged that the mother's conduct and lifestyle place her at the bottom rung of the parenting ladder. Given the choice, however, between the mother and a suspected sexually abusing father we cannot find an abuse of discretion in the difficult choice the trial court made.

█ Father also contends that the trial court erred in ordering visitation only be exercised in the presence of father's sister. Sec. 452.400(2) R.S.Mo.1989, provides for visitation in the presence of a responsible adult. No challenge is made to the sister's responsibility. She has indicated in her testimony her willingness to act in a supervisory capacity as she did during the period pending the dissolution hearing. If she declines to act the court can appoint another supervisor. Father's rights of visitation are not dependent on the sister's cooperation as he contends.

Father also contends that the trial court erred in awarding attorney's fees to mother. We find this point without merit.

Judgment affirmed.

SATZ, P.J., and GRIMM, J., concur.