**Larry William BROOCKE,**
**Petitioner/Appellant,**

v.

**Teresa Faye BROOCKE,**
**Respondent/Respondent.**

**No. 63462.**

Missouri Court of Appeals,
Eastern District,
Division Two.

April 5, 1994.

Darryl L. Hicks, Warrenton, for petitioner-appellant.

Michael S. Wright, Warrenton, for respondent-respondent.

CRAHAN, Judge.

Larry W. Broocke ("Husband") appeals from a decree dissolving his marriage to Teresa F. Broocke ("Wife"). Husband challenges the trial court's determinations regarding: (1) visitation rights, (2) child support, (3) maintenance, (4) division and distri-

bution of marital property and allocation of marital debt, and (5) attorney's fees. We affirm in part and reverse and remand in part.

■ Husband's points relied on do not comply with Rule 84.04(d). Three of the points are supported solely by citation to the statutory provisions setting forth the relevant factors the trial court is to consider. One point cites no authority whatsoever. The remaining point cites a single case which has no discernable precedential value to Husband's contention.

The statutes cited by Husband have been in existence for quite some time and have been construed by the appellate courts on numerous occasions. In *Thummel v. King*, 570 S.W.2d 679, 687 (Mo. banc 1978), the Missouri Supreme Court instructed:

> [I]f the point advanced is not a matter of first impression and is not simply a matter of logic or policy or analysis of statutory or documentary language, . . . the court on appeal need not search for precedential support to overrule the contention. If the point is one for which precedent is appropriate and available, it is the obligation of appellant to cite it if he expects to prevail. We suggest that if the point is one for which it is believed that precedent for or against it is unavailable, counsel would be well advised to specifically so state under the point in question, explaining why citations are unavailable.

■ The points raised by Husband in this case are not simply a matter of an analysis of statutory language. Rather, with one exception discussed below, the statutes relied upon by Husband simply list relevant factors to be considered by the court in making its award. From our review of the argument portion of Husband's brief, it is clear that Husband's chief complaint is that the trial court failed to consider one or more of the relevant factors. However, neither party requested findings of fact. Therefore, we must deem the facts to have been found in accordance with the result reached. Rule 73.01(a)(2) [1]; *Irwin v. Irwin*, 678 S.W.2d 861, 862 (Mo.App.1984). We find nothing in the decree to indicate that

the court failed to consider any relevant factor set forth in the statutes cited by Husband. In short, Husband's bare citation to the statutes does not comply with the requirements of Rule 84.04(d) because the statutes themselves provide no basis for a finding of error.

■ Our review of Husband's arguments further discloses that Husband's contentions of error with respect to the trial court's awards of maintenance and child support and its division of marital property are actually thinly disguised contentions that the trial court should have accepted Husband's testimony and evidence concerning his income and valuation of marital property. The trial court may, of course, disbelieve Husband's testimony, even if uncontradicted. *See Burden v. Burden*, 811 S.W.2d 818, 820 (Mo.App.1991). Our inquiry is limited to a determination of whether the award is supported by substantial evidence, is against the weight of the evidence, erroneously declares the law or erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

We have reviewed the record and find that the trial court's awards of child support, maintenance and attorney's fees and its division of marital property are supported by substantial evidence, are not against the weight of the evidence and do not erroneously declare or apply the law. Further, in the absence of any citation to controlling authority supporting Husband's contentions beyond the bare language of the statute, we find that a detailed opinion on these issues would have no precedential value. Accordingly, we affirm the trial court's awards of child support, maintenance and attorney's fees and its division of marital property in accordance with Rule 84.16(b).

■ The only remaining issue concerns the provision of the decree providing for supervised visitation by Husband. The decree provides:

> It is further ordered that custody of [children] be vested in [Wife] with reasonable rights of supervised visitation in [Hus-

---

1. Effective January 1, 1994, this Rule is 73.-01(a)(3).

band]. Supervision of said visitation to be directed by [Wife].

Husband contends that the trial court abused its discretion in ordering that his visitation be supervised and that supervision should be directed by Wife. Specifically, Husband argues that the order in effect eliminates his right to any visitation.

First, Husband contends that the trial court erred in ordering supervised visitation. Section 452.400(2) RSMo Cum.Supp.1993 states that "the court shall not restrict a parent's visitation rights unless it finds that the visitation would endanger the child's physical health or impair his emotional development." Husband contends that no such finding was made and thus his visitation should not be supervised.

Here, no findings were requested. Therefore, the facts are deemed to have been found in accordance with the result reached. Rule 73.01(a)(2).[2] *Irwin v. Irwin,* 678 S.W.2d 861, 862 (Mo.App.1984). There was substantial evidence adduced at trial from which the court could conclude that unsupervised visitation would endanger the children or impair them emotionally. Accordingly, we find no error in ordering supervised visitation.

■ Next, Husband contends that the court erred in ordering that the supervision be directed by Wife. Section 452.400(2) provides for supervision "in the presence of a responsible adult appointed by the court for the protection of the child." Although Wife testified that her preference would be for no visitation, she indicated her willingness to comply with an order of supervised visitation. There was also testimony by the children that they did not want to visit Husband, but that visitation with him would be acceptable if Wife were present. Furthermore, if Wife declines to act the court can appoint another supervisor. *See D.L.M. v. L.E.M.,* 788 S.W.2d 753, 755 (Mo.App.1990). Therefore, we conclude it was not error for the court to order supervision be directed by Wife.

■ Finally, Husband contends that the court erred in failing to define his visitation

periods in detail. Section 452.400(1) provides that "[t]he court shall define the noncustodial parent's visitation periods in detail at the request of either party." Here, prior to submission, Husband requested reasonable visitation privileges and asked the court to "spell out" the terms of such visitation. The court failed to do so. Further, having presumed that the trial court found that unsupervised visitation would endanger the children's physical health or emotional development, we find that it is also in the best interests of the children to have the trial court define the visitation periods in detail. As the decree now stands, there is no guidance whatsoever as to how much supervised visitation would be in the children's best interests. The parties either may not agree, necessitating further litigation, or may agree on more or less visitation than the court finds to be in the children's best interests. As discussed above, there is substantial evidence to support the court's decision to require supervised visitation. Where such a requirement is supported by the evidence, however, the same evidence will often give rise to the need to define the visitation periods in some detail. Where properly requested by a party, such specificity is required by the statute. Thus, we find that the trial court erred in failing to define Husband's visitation periods in detail.

Accordingly, we reverse the judgment of the trial court with respect to Husband's visitation rights and remand the issue to the trial court for entry of an order defining Husband's visitation periods. In all other respects, the judgment is affirmed. Costs are assessed against Appellant.

CRANE, P.J., and KAROHL, J., concur.

---

**2.** See note 1, *supra.*