MARGUERITE E. KAESTNER, DEFENDANT IN ERROR, v. EDWARD W. KAESTNER, PLAINTIFF IN ERROR, WALTER E. KOCH, ADMINISTRATOR, AND WALTER E. KOCH, TRUSTEE, DEFENDANTS.—58 S. W. (2d) 494.

St. Louis Court of Appeals.   Opinion filed April 4, 1933.

Motion for rehearing denied April 18, 1933.

Certiorari denied by Supreme Court June 10, 1933.

*Maurice J. Gordon* and *L. M. Hall* for plaintiff in error.

*Brackman & Versen* for the defendant in error.

BENNICK, C.—This is a proceeding by writ of error duly issued out of this court to review the judgment and decree of the Circuit

Court of the City of St. Louis in a suit brought by the divorced wife to enforce a judgment for maintenance included in the modified decree of divorce. Plaintiff in error is the husband, who was the defendant in all the litigation below, while defendant in error is the wife, who was the plaintiff below. Hereinafter it will be convenient to refer to the parties as plaintiff and defendant.

On June 28, 1923, plaintiff obtained a decree of divorce from defendant in the Circuit Court of the City of St. Louis, being awarded the custody of the minor child of the marriage then in the custody of plaintiff and concededly within the jurisdiction of the court. The decree was entered by default after service upon defendant in the State of Illinois; and because of the fact that the court had and acquired no jurisdiction over the person of defendant, no allowance for maintenance of the minor child was made.

Said decree was entered at the June, 1923, term of the circuit court, and became final at the end of the term. Thereafter, on November 15, 1923, during the October, 1923, term of the circuit court, defendant filed his motion to modify the decree as to the custody of the minor child; and on November 23, 1923, pursuant to stipulation of the parties, the decree was modified so as to provide that defendant should have the custody of the child at certain stated intervals, and that he should pay to plaintiff for the support and maintenance of the child the sum of $30 a month.

Thereafter defendant paid several installments towards the maintenance of his minor child, but eventually ceased making such payments until he became in arrears in the sum of $1,625.96, which sum included the interest due on such monthly installments.

On March 4, 1931, plaintiff filed her petition reciting the above facts, and also reciting that defendant was about to come into possession of certain property which he had inherited from his mother and brother. The prayer was, among other things, that the court enforce the judgment of maintenance theretofore entered by an order of sequestration of the property of defendant in the hands of the administrators of the two estates.

Defendant answered, setting up, in substance, that the entry of the personal judgment for maintenance against him in the modified decree of divorce was void and of no effect in that the court had had no such jurisdiction at the time of the entry of its original decree, and therefore could not thereafter have acquired it.

On January 18, 1932, the court entered its decree, finding that by virtue of the subsequent entry of appearance of defendant in the cause, he had submitted to the jurisdiction of the court, and that the court had full authority and jurisdiction to modify its decree and render judgment for the support of the minor child.

Suffice it to say that the judgment rendered, in so far as it affects the issues involved in this proceeding, was in favor of plaintiff as

prayed for in her petition. Though a motion for a new trial was filed, no appeal was taken; and this proceeding by writ of error to test out the validity of the subsequent modification of the decree as to maintenance has followed.

The question is, therefore, Did the circuit court, which, because of service upon defendant outside the State, concededly had no jurisdiction to render a personal judgment against him for the maintenance of the minor child at the time of the rendition of the divorce decree awarding the custody of the child to plaintiff, have or acquire such jurisdiction at the time of the entry of the modified decree in conformity with the stipulation of the parties?

Defendant argues not; that an action for divorce, with all the elements incidental thereto, is purely statutory, the power and authority of the court being limited in their exercise to those parties personally within the jurisdiction of the court, or who, by answer or entry of appearance, have voluntarily submitted themselves to that jurisdiction; that the subject-matter before the court, and over which it had jurisdiction, did not include the matter of maintenance, defendant not being within the jurisdiction; that the court could not retain jurisdiction over that as to which it had never obtained jurisdiction in the first instance; that no act of the parties, as by the stipulation, could at a subsequent term, after the decree in the divorce suit had become final, confer upon the court a jurisdiction not retained or conferred by law; and that the attempt of the court, being without jurisdiction, to modify its decree so as to render a personal judgment against defendant was a nullity and subject to collateral attack.

Generally speaking, there is no doubt of the rule that even though a divorce decree awarding the custody of a minor child of the marriage silent as respects the matter of the child's maintenance, the court will nevertheless retain jurisdiction for the purpose of awarding maintenance until the child attains its majority; and the proper proceeding looking thereto will be, as in this case, by petition or motion to modify the original decree. [Laumeier v. Laumeier, 308 Mo. 201, 271 S. W. 481; Robinson v. Robinson, 268 Mo. 703, 186 S. W. 1032; Kelly v. Kelly (Mo.), 47 S. W. (2d) 762; Shannon v. Shannon, 97 Mo. App. 119, 71 S. W. 104; Meyers v. Meyers, 91 Mo. App. 151; Auer v. Auer (Mo. App.), 193 S. W. 926; Kinsolving v. Kinsolving (Mo. App.), 194 S. W. 530.]

The trouble with all the above cases is, unfortunately, that in none of them, so far as the statements of fact show, was the matter of maintenance omitted from the original decree because of the lack of power of the court to have rendered a personal judgment against the husband, as in the case at bar. They therefore may not be said to have squarely decided the point now at issue of whether a court whether originally had no power jurisdiction to enter such a decree

could subsequently acquire it. The nearest approach to a decision on the point was in Anderson v. Anderson, 55 Mo. App. 268, where the court had a similar question before it, but determined the case upon the proposition that the husband had not been duly brought into court to answer to such supplementary proceeding, and that the wife's application was therefore rightly denied. Obviously the effect of the decision was to hold that if the husband had been brought into court upon due notice, the court would have had the jurisdiction and power now asserted.

The case at bar is therefore to be largely determined upon general considerations, and in the light of the legislative intent as expressed in applicable statutes; and when the matter is so considered, the conclusion seems to us to be inescapable that the modification in question was one within the power of the court to make.

Section 1355, Revised Statutes 1929 (2 Mo. St. Ann., sec. 1355, p. 1564), provides that the court may, on application of either party, make such alteration in its decree regarding the allowance of maintenance as may be proper; and Section 1361, Revised Statutes 1929 (2 Mo. St. Ann., sec. 1361, p. 1576), provides that there may be a review of any order or judgment touching the care, custody, and maintenance of the children of the marriage. Construing these two statutes, it is held that custody under the statute is conjoined with maintenance, so that jurisdiction as to custody affords jurisdiction as to maintenance as well; and that the review contemplated by Section 1361 is not limited to the scope and terms of the order reviewed. [Laumeier v. Laumeier, supra; Robinson v. Robinson, supra; Thornton v. Thornton, 221 Mo. App. 1199, 2 S. W. (2d) 821.]

It seems clear to us, therefore, that merely because a court may have acquired no jurisdiction to enter a personal judgment against the defendant at the time of the rendition of its original decree is no ground for saying that it cannot thereafter acquire such jurisdiction for purposes of modification or review. Were the court limited in its modification or review by the express scope and terms of the order reviewed, it could never award maintenance at a subsequent term where there had been no mention of maintenance in the original decree. In other words, the power and authority of the court in matters of divorce is fixed by statute, and its jurisdiction extends to the exercise of all the powers conferred upon it by statute, among which is the continuing power to review any order or judgment touching or having to do with the care, custody, and maintenance of the minor children of the marriage, and to make such modification in its decree as may be proper respecting the allowance of the maintenance.

After all, the issue between the parties is not one of jurisdiction of the subject-matter, but of jurisdiction of the person of defendant. The court at all times had full jurisdiction over the marital status

of the parties, as well as jurisdiction to award the custody of the child as its best interests might require. Jurisdiction as to custody carried with it jurisdiction as to maintenance, as has already been indicated. What the court lacked was such jurisdiction over the person of defendant as to have enabled it to render a personal judgment against him, and this it acquired by his subsequent voluntary submission to the jurisdiction of the court to exercise the very authority conferred upon it by statute. Such must be the effect of his entry of appearance in the court, for the only kind of jurisdiction which cannot be conferred by consent is that which the court could no thave acquired by its own process. If defendant had been within the State, the court could have acquired full and complete jurisdiction to have rendered a personal judgment against him; and consequently, having subsequently come into the State, and having himself invoked the power of the court to review and modify its decree, he put himself as fully and completely within its jurisdiction as though he had been brought before the court by process.

It follows that the judgment rendered by the circuit court should be affirmed; and the Commissioner so recommends.

PER CURIAM:—The foregoing opinion of BENNICK, C., is adopted as the opinion of the court.

The judgment of the circuit court is, accordingly, affirmed. *Becker, P. J.,* and *Kane* and *McCullen, JJ.,* concur.