Evelyn Lenore ROBERTS, Plaintiff-Respondent,

v.

Olin ROBERTS, Defendant-Appellant.

No. 7499.

Springfield Court of Appeals.

Missouri.

July 11, 1956.

Paul E. Carver, Neosho, for defendant-:appellant.

Herbert Douglas, Neosho, for plaintiff-:respondent.

RUARK, Judge.

Respondent filed in the Circuit Court of Newton County, Missouri, a pleading designated as a motion to modify, wherein she alleged that in cause number 11,658 in said court, and after appearance by the appellant thereto, she did on the 17th day of October, 1950, obtain decree of divorce from appellant; that such decree made no provision for the support of Larry Olin Roberts, child of the marriage; that she, respondent, was without funds and therefore prayed for an order modifying the original decree to the extent of awarding child support. To this defendant filed motion to dismiss on the ground that the pleading failed to state a claim upon which relief could be granted. Such motion to dismiss being overruled, defendant refused to plead further but stood upon his demurrer motion and did not participate in the hearing on the merits. The court found that the original decree of October 17, 1950, should be modified and ordered that respondent recover from appellant the sum of $40 per month for support of the child. After motion for new trial based solely upon the ground of failure to state a claim for which relief could be granted, and the overruling of the same, the appeal comes here. The sole error assigned is that the pleading did not state a cause of action, and the sole reason briefed and argued in support of such assignment is that the original motion does not plead any new facts or allege any change of conditions or circumstances arising or coming into existence since the rendition of the divorce decree.

■■ We agree with appellant that the motion does not allege any change of condition, and we further agree that a motion to modify a divorce decree is "in the nature of" an independent petition which must state grounds for relief; and as a general proposition such motion must plead a change of condition in order to state a claim for which relief can be granted. Hayes v. Hayes, 363 Mo. 583, 252 S.W.2d

323; Samland v. Samland, Mo.App., 277 S.W.2d 880; Prudot v. Stevens, Mo.App., 266 S.W.2d 756; Wilson v. Wilson, Mo. App., 260 S.W.2d 770; Wilton v. Wilton, Mo.App., 235 S.W.2d 418. This because, the court having theretofore made its judgment upon facts which existed at the time, the questions were resolved and merged in a judgment which was conclusive and therefore res judicata. Noll v. Noll, Mo.App., 286 S.W.2d 58, 63; Hawkins v. Thompson, Mo.App., 210 S.W.2d 747, 751; Shepard v. Shepard, Mo.App., 194 S.W.2d 319, 323; Hurley v. Hurley, Mo. App., 284 S.W.2d 72, 73. Hence, in order for the court to act under its continuing jurisdiction as contemplated by the statutes, sections 452.070, 452.110, RSMo 1949, V.A.M.S., there must be new facts and a change of circumstances which create a situation not existing at the time of the original decree and therefore not subject to the court's consideration at that time.

■ But the father has the primary obligation to support his child. This is a liability created and maintained by the common law. The apparent purpose of the statute is to furnish a way of determining and declaring this common law liability and fixing the extent of it by adjudging the amount which shall be paid in the future (and furnishing a way of enforcement of the obligation); whereas an independent suit at common law for reimbursement of support expense would apply to that which has been furnished in the past. The two remedies are coterminous rather than concurrent. Lodahl v. Papenberg, Mo.Sup., 277 S.W.2d 548; Kelly v. Kelly, 329 Mo. 992, 47 S.W.2d 762, 81 A.L.R. 875; Thomas v. Thomas, Mo.App., 238 S.W.2d 454; Auer v. Auer, Mo.App., 193 S.W. 926, 929; Goldstein v. Goldstein, 237 Mo.App. 274, 165 S.W.2d 876.

■ Under the Missouri holdings, and we think by all text authority, if the court rendering the decree of divorce has failed to exercise its power to determine the amount of support, and the original decree is silent in that respect, the court may fix and determine such liability upon a motion filed in the case. Such is in reality not a motion to "modify" but is a motion, ancillary to the main cause, requesting that the court determine as an original adjudication that which should have been adjudged at the outset. Kaestner v. Kaestner, 228 Mo.App. 1043, 58 S.W.2d 494, 496; Robinson v. Robinson, 268 Mo. 703, 186 S.W. 1032; Kinsolving v. Kinsolving, Mo. App., 194 S.W. 530; Laumeier v. Laumeier, 308 Mo. 201, 271 S.W. 481; Kershner v. Kershner, 202 Mo.App. 238, 216 S.W. 547; Meyers v. Meyers, 91 Mo.App. 151; see Kelly v. Kelly, 329 Mo. 992, 47 S.W.2d 762, 81 A.L.R. 875, supra; Crooks v. Crooks, Mo.App., 197 S.W.2d 678; Nelson on Divorce, ch. 15, sec. 15.31; Schouler, Marriage, Divorce, etc., 6th ed., vol. 2, sec. 1910, p. 2053; 27 C.J.S., Divorce, § 306, p. 1165; 17 Am.Jur., Divorce, sec. 697, p. 532.

■ This being the case, the determination on the motion is not made or based upon "changed conditions" and does not involve the bending of the first adjudication in a different direction from its original course, but is a decree as to matters which have never been the subject of judicial pronouncement. The judgment never became conclusive as to the question of support, and there is nothing which calls for the application of res judicata and no reason for the pleading of facts and circumstances which create a situation different from that which was before the court at the time of the original decree.

In Goldstein v. Goldstein, 237 Mo.App. 274, 165 S.W.2d 876, 879, the Kansas City Court of Appeals said:

"It is not in contemplation that the *duty* to support as fixed by law is altered by changed conditions. The question as to *amount* to be contributed may be an issue dependent upon changed conditions and where any definite and specific amount has been awarded by a judgment which may be

enforced by execution issued on the judgment, then a reason exists for alleging and showing of changed condition in seeking to modify." (Our emphasis.)

And again:

"We conclude that the elements giving rise to pleading and proof of changed conditions are absent. Such interpretation should be given to law as will make law conform to reason and when in any given case the reason for any rule of law ceases, then the rule ceases.

"We conclude that it is not a changed condition that gives rise to cause of action herein, but it is the unchanged condition of a father, for a period of approximately two years, failing and refusing to support his minor child which calls for action to modify a judgment wherein an execution would not afford adequate relief."

Appellant suggests in his argument that since the motion did not plead a change of condition it should have pleaded an agreement in respect to support of the child at the outset. The *obligation* of the father to support his child is something which was born with the child. It is not a matter of agreement and the parents cannot between themselves contract away the right of the child to look to its parents for support. Messmer v. Messmer, Mo.App., 222 S.W.2d 521, 524; Kershner v. Kershner, 202 Mo.App. 238, 216 S.W. 547, supra; Cervantes v. Cervantes, 239 Mo.App. 932, 203 S.W.2d 143, 146; Green v. Green, Mo. App., 234 S.W.2d 350; see Kinsella v. Kinsella, Mo.App., 60 S.W.2d 747; Luedde v. Luedde, 240 Mo.App. 69, 211 S.W.2d 513, 517. It is true that the court may well survey the complete financial picture in determining the *amount* which should be contributed by the father, and this survey will necessarily include the provision made in any agreement and the substance placed at the disposal of the wife, not only as affecting the needs of the child but also as bearing upon the ability of the father to pay. But any such agreement would have no effect upon the basic *duty* to support and the power of the court to determine such duty and fix the extent of it in the first instance. The motion charges that no such determination was made. It is not necessary to plead *why* it was not made.

For the foregoing reasons we hold that it was not necessary for the motion to allege a change of condition, and, such being the case, the motion to dismiss was properly overruled and the judgment must be affirmed. It is so ordered.

McDOWELL, P. J., and STONE, J., concur.