**Kathie Lynn WARREN, formerly Kathie Lynn Hart, Appellant (Defendant),**

v.

**Kim Leigh HART, Appellee (Plaintiff).**

**No. 87–153.**

Supreme Court of Wyoming.

Dec. 22, 1987.

Richard H. Peek, Casper, for appellant.

John C. Hoard, Casper, for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

URBIGKIT, Justice.

This is an appeal from an order entered pursuant to Rule 12(b)(6), W.R.C.P. dismissing a post-divorce child-support petition for failure to state a claim upon which relief can be granted. Appellant mother filed a petition for modification of the original decree and of the subsequent change-of-custody order to require appellee father

to pay child support which had not previously been determined in either the original decree when the father received custody or the subsequent amended decree when the mother received custody.

We reverse.

The appellant's statement of the issue on appeal, is:

"Did the trial court commit error in entering an order granting Appellee's Motion to Dismiss on the basis that the Verified Amended Petition failed to state a claim upon which relief could be granted?"

We find the issue to be an obligation of parental support and a change-of-circumstance inquiry when no original support order had been provided.

Kathie Lynn Warren (mother) was married to Kim Leigh Hart (father), and the two parties had one child, Angela Lynn, now 14. They were divorced on July 18, 1975, and the father was awarded custody without provision for child support. Subsequently, the mother, after remarriage, filed a petition in 1976 for modification to secure a change of custody to her. After trial in 1977, she was awarded custody, but again no child-support provision was included in the court order.

In 1985, the mother was again divorced, and in contending inability singly to support her daughter, filed a petition for divorce-decree modification to seek child support from the father. The father, appellee herein, filed a responsive motion to dismiss, and the mother filed a motion for summary judgment. After a hearing, the district court granted the father's motion to dismiss subject to right to amend, and this was then pursued by an amended complaint and a further motion to dismiss. The mother's second complaint for support was dismissed for failure to state a claim, which order of dismissal is now here on appeal.

Appellant contends she does not have to show a substantial and material change because no award of child support was ever made in either the original decree or subsequent modification, and that therefore only a clarification or establishment of child-support standards should apply, rather than a modification. Appellee argues that after ten years without decree provisions for support, this present "Verified Petition for Modification" requires a pleaded change of circumstance from initial decree or later amendment.

Although recognizing that the decision to deny modification of a divorce decree rests within the sound discretion of the trial court, and that determination will not be disturbed absent a grave abuse of discretion or violation of some legal principle, *Dice v. Dice*, Wyo., 742 P.2d 205 (1987); *Manners v. Manners*, Wyo., 706 P.2d 671, 674 (1985); *Harrington v. Harrington*, Wyo., 660 P.2d 356 (1983), we find the trial court improperly dismissed appellant's amended petition, and reverse.

Under Rule 8(a)(1), W.R.C.P., notice pleading is all that is required in Wyoming. Motions to dismiss under Rule 12(b)(6), W.R.C.P. are a drastic remedy, and "are 'sparingly granted.'" *Fiscus v. Atlantic Richfield Company*, Wyo., 742 P.2d 198, 202 (1987); *Harris v. Grizzle*, Wyo., 599 P.2d 580 (1979). The standard of review in a Rule 12(b)(6), W.R.C.P. case has been enunciated by the United States Supreme Court in *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957):

"* * * In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

This rule has been reiterated in *Fiscus v. Atlantic Richfield Company*, supra, and in *Torrey v. Twiford*, Wyo., 713 P.2d 1160 (1986).

A divorce decree is generally res judicata on all issues decided therein, *Mentock v. Mentock*, Wyo., 638 P.2d 156 (1981); *Heyl v. Heyl*, Wyo., 518 P.2d 28 (1974), and to clearly show a material and substantial change in circumstance is the proper standard for a *modification* of child support. *Manners v. Manners*, supra. However, that standard is inapplicable in this case,

because no award of child support had ever been made.

■ When the original divorce decree and subsequent modifications do not contain any references to child support, the petition to establish is not a motion to modify, although here improvidently so labeled. It is merely ancillary or supplemental to the main cause, and it is not necessary that a determination on such motion be based on a change in circumstance. *Armstrong v. Sparks,* Ala.Civ.App., 360 So.2d 1012, 1014 (1978); *Williams v. Williams,* Mo.App., 498 S.W.2d 585, 587 (1973), rev'd on other grounds but aff'd on this issue, Mo., 510 S.W.2d 452 (1974); *Roberts v. Roberts,* Mo.App., 292 S.W.2d 596, 598 (1956). While it would have been preferable for the original divorce decree or the subsequent modification to be explicit as to the amount or as to whether or not child support was to be awarded, *Rose v. Rose,* Wyo., 576 P.2d 458, 460 n. 4 (1978), that was not done. We deal with the facts before us, and consequently hold that appellant's amended petition should be treated as supplemental to the modified divorce decree because it is a matter which has not been the subject of prior judicial determination. Additionally, the standard for establishing rather than modifying child support should apply. After substituting "equal" for "primary," we apply the rule stated in *Armstrong v. Sparks,* supra, 360 So.2d at 1013:

"In instances where the divorce petition requests child support or where the decree of divorce (and subsequent modifications thereof) make no reference to an agreement between the parties concerning support and a supplemental petition is thereafter filed seeking support, a different standard applies. In this type of situation the rule is that the primary [equal] responsibility of support for the minor child rests with the father provided he is financially capable of providing such support."

This rule is comparably stated in *Roberts v. Roberts,* supra, 292 S.W.2d at 598:

" * * * [T]he determination on the motion is not made or based upon 'changed conditions' and does not involve the bending of the first adjudication in a different direction from its original course, but is a decree as to matters which have never been the subject of judicial pronouncement."

The general principle is persuasively and directly stated in Annot., 71 A.L.R.2d 1370, 1373, Opening or Modification of Divorce Decrees as to Custody or Support of Child Not Provided for in the Decree:

"It should be noted that an application to the divorce court for custody or child support, made after the entry of a divorce decree which did not provide for the children, is sometimes referred to as an 'amendment.' However, the granting of such relief does not involve a setting aside or modification of the divorce decree in any real sense; it amounts to a supplemental or ancillary order which does not disturb the divorce decree."

Cited as authority are *Roberts v. Roberts,* supra; the early Kansas case of *Miles v. Miles,* 65 Kan. 676, 70 P. 631 (1902); and *Effland v. Effland,* 171 Kan. 657, 237 P.2d 380 (1951). See also Annot., 91 A.L.R.3d 530, 531, Father's liability for support of child furnished after divorce decree which awarded custody to mother but made no provision for support; and *Glading v. Furman,* 282 Md. 200, 383 A.2d 398 (1978). The Wyoming statute provides:

"In granting a divorce or annulment of a marriage, the court may make such disposition of the children as appears most expedient and beneficial for the well-being of the children. The court shall consider the relative competency of both parents and no award of custody shall be made solely on the basis of gender of the parent. On the petition of either of the parents, the court may revise the decree concerning the care, custody, visitation and maintenance of the children as the circumstances of the parents and the benefit of the children requires. Provisions respecting maintenance may be modified only as to payments or installments accruing subsequent to the petition for modification except upon agree-

ment of the parties." Section 20–2–113(a), W.S.1977.

■ Appellee would have this court determine that after ten years without court-impressed child-support duty he should have no future obligation. We recognize to the contrary that even if the divorce decree does not mandate support by a parent for the children, the absence of decree provision does not eliminate the intrinsic obligation. In Wyoming, duty of either or both parents will not abate with divorce even if the decree is silent on obligation assessment.

■ Although the interest of the child in adequacy of parental support may in itself constitute a litigable change of circumstance, that issue is not presented here. When the support obligation of the father for Angela Lynn has never been judicially considered, the vicissitudes of unasserted support responsibility since 1977 cannot now deny inquiry for present needs. Lacking prior judicial determination, the factual basis for consideration of support upon trial should be those facts and circumstances of daughter, mother, and father *at this time*. *Leitner v. Lonabaugh*, Wyo., 402 P.2d 713 (1965). We do not say that the father's obligation to his new family can or should be ignored in the trial court's analysis of his continued responsibility to his older daughter. Neither would we anticipate the application of estoppel or absurdity in the trial court's nearly impossible allocation of resources to multiple support obligation. Both the father's common-law [1] and statutory obligations of support exist for resolution as measured in equitable analysis of the facts now to be proved in evidentiary hearing.

In conclusion, this court determines that when divorce-time support obligations are either not asserted or not determined, subsequent judicial consideration may be invoked for decision on all facts elicited at a subsequent hearing. In simplistic recitation of the complex social needs and criteria, justice may be the court's business, but fairness is its aim, and to each of the three participants, mother, father, and child, reciprocal consideration is due in assessment of support responsibility.

Reversed and remanded for further proceedings.

CARDINE, J., filed a specially concurring opinion.

CARDINE, Justice, specially concurring.

In the July 18, 1975 divorce decree, Kim Hart, the father, was awarded custody of the parties' two-year-old child, the court finding that the mother's condition of health and irregular employment and the husband's regular work hour schedule were the pivotal factors in determining that the best interests of the child required custody being awarded to the father. The mother was not required to pay child support. Neither child support nor property settlement was mentioned in the decree of divorce.

On August 21, 1976, the mother, Kathie Warren, formerly Kathie Hart, filed a petition for modification seeking custody of the minor child because of a substantial change

---

1. I Chitty's Blackstone, Commentaries on the Laws of England, Pt. I and II at 368 (1838): "The duty of parents to provide for the *maintenance* of their children, is a principle of natural law; an obligation, says Puffendorf (b), laid on them not only by nature herself, but by their own proper act, in bringing them into the world: for they would be in the highest manner injurious to their issue, if they only gave their children life that they might afterwards see them perish. By begetting them, therefore, they have entered into a voluntary obligation to endeavour, as far as in them lies, that the life which they have bestowed shall be supported and preserved. And thus the children will have the perfect *right* of receiving maintenance from their parents. And the president Montesquieu (c) has a very just observation upon this head: that the establishment of marriage in all civilized states is built on this natural obligation of the father to provide for his children * * *."
See Symposium, *Legal Problems Relating to Wyoming Youth*, 8 Wyo.L.J. 228 (1954); Stewart, The Law of Marriage and Divorce § 404 (1884). See also on the subject of parental support under the doctrine of necessaries, Note *Alamance County Hospital v. Neighbors: North Carolina Rejects Child Support Provisions as a Limit on the Doctrine of Necessaries*, 65 N.C.L.Rev. 1305 (1986).

in circumstances, alleged to be improvement in her condition of health, remarriage, now able to make a home for the child, and the father's change of condition affecting babysitting for the child. Child support was not mentioned nor requested. On January 21, 1977, an order of modification of divorce decree, without provision for child support, transferred primary custody of the parties' minor child to Kathie Warren, formerly Kathie Hart, the child's mother.

Now, by Amended Verified Petition for Modification filed March 4, 1987, the mother, Kathie Warren, formerly Kathie Hart, seeks child support alleging as changed circumstances her divorce from Jess Warren, her need for child support at this time, and the father's ability to pay. The father Kim Hart's motion to dismiss for failure to state a claim was granted by the court.

Two questions are presented. First, does the petition for modification seek modification of the divorce decree previously entered; and if the petition is to modify, does remarriage and later divorce constitute sufficient change in circumstances to permit the court to modify the decree with respect to child support? It was surely upon decision of this issue that the court found the complaint failed to state a claim and granted appellee's motion to dismiss.

The second question presented is, where no child support at all is awarded in a decree of divorce, is a petition later seeking child support one to modify that decree or does it present something not resolved in the original decree and therefore to be treated not as a modification, but as an addition to the decree? The child support obligation may be discharged by other than monthly payments, e.g., by a lump sum set aside for that purpose or in the property settlement. In this case appellee claims in his affidavit that the child support obligation was satisfied in the property settlement. There is nothing in the record to support that conclusory assertion.

I can agree that, where at the time the divorce decree is entered and nothing is provided or agreed upon with respect to child support, the proceeding is one not for modification but for determination of child support in the first instance.

With the above comments, I concur in the decision of the court.