Teresa H. SCALING, now known as
Teresa H. Hartley, Appellant,
(Defendant),

v.

Samuel T. SCALING,
Appellee, (Plaintiff).

No. 89–227.

Supreme Court of Wyoming.

Feb. 12, 1991.

Daniel E. White of Vines, Gusea & White, P.C., Cheyenne, for appellant.

Donald E. Chapin of Crowell & Chapin, P.C., Casper, for appellee.

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.

GOLDEN, Justice.

Appellant Teresa H. Hartley (Hartley), former wife of appellee Samuel T. Scaling (Scaling), appeals two post-divorce orders of the district court which in combination denied her requests:

• for reimbursement of one-half of child visitation travel expenses;

• for increased child support;

• for reimbursement of past medical expenses of the parties' minor children;

• for reimbursement of costs and attorney fees incurred in defending her former husband's petition to reduce alimony and child support;

• to establish medical support for the parties' minor children;

• to compel her former husband to pay moving expenses and to hold him in contempt for his failure to pay them;

• to compel her former husband to produce documents containing information relevant to her former husband's petition to reduce alimony and child support.

Appellant also claims the district court erred in limiting the hearing on her petition to increase child support and to establish medical support for the parties' minor children to a consideration of post-divorce changes in her former husband's income.

We affirm the district court's orders in all particulars except for the denial of the former wife's request concerning medical support for the parties' minor children. As to this latter issue, we reverse and remand for hearing.

BACKGROUND

On September 2, 1986, Scaling filed for divorce; Hartley timely answered and counterclaimed. The district court tried the action on January 16, 1987, following which the court asked both counsel to submit letter memoranda outlining their clients' positions on support issues and division of assets and liabilities. Each counsel submitted a letter memorandum on January 22, 1987. On February 9, 1987, the court issued its decision letter; the court's final judgment and decree followed on April 27, 1987.

Focusing on those provisions of the final judgment that are implicated in this appeal, we find that the decree provided:

1. *Moving Expenses.* Scaling shall pay the reasonable moving expenses for Hartley and the children if they should move from Casper. In Hartley's letter memorandum dated January 22, 1987, she informed the court she wanted $7,000 for moving expenses to Arizona. That the designation of Arizona was in error was brought to the court's attention in the hearing on August 4, 1989, which covered Hartley's May 31, 1989 motion charging Scaling with contempt for failure to abide by the decree. In the court's February 9, 1987 decision letter, the court states that Hartley indicated

she intended to move to New Mexico to attend college, and "it is hereby ordered that [Scaling] shall pay her moving expenses."

2. *Child Support.* The court ordered Scaling to pay the sum of $500 each month for each child under Hartley's direct supervision and financial responsibility. The parties' six children ranged in age from seventeen years to five years.

3. *Child Visitation Travel Expenses.* The court ordered the parties to share equally the cost of transportation of the children from Hartley's out-of-state residence to Casper when the children were visiting Scaling.

4. *Medical Support.* The decree, as well as the court's decision letter, was silent on this item. Hartley's letter memorandum requests that Scaling provide medical and dental insurance for the children, pay any excess children's medical expenses, and pay any orthodonture expenses incurred by the children. Scaling's letter memorandum states he "will continue to provide health and accident insurance upon all the parties with a policy having benefits of at least equal to those presently available."

Neither party appealed from the decree.

On May 31, 1989, two years after the final judgment, Hartley filed a motion charging that Scaling had failed to abide by the decree. She alleged that she and the children had moved from Casper in the summer of 1987, resided temporarily in Albuquerque, New Mexico, until late December, 1987, then drove to Los Angeles, California, and flew from there to Hawaii where they permanently reside and she attends college. She claimed that Scaling must pay for all or part of the moving expenses connected with that move.

Next, Hartley contended that Scaling must pay a storage lien on items of personal property belonging to her and the children which she stored while the divorce action was pending. She asserted that, had Scaling paid her moving expenses to Hawaii, personal property would not have remained in storage.

Hartley also charged that Scaling owed her $2,000 for child support for two of the children for May and June, 1987.

The court held a hearing on Hartley's motion on August 4, 1989, and on August 25, 1989, issued its order denying her relief.

In the meantime, on August 4, 1989, Scaling filed a petition to modify the decree with respect to alimony and child support. Specifically, Scaling asked the court to assess against Hartley one-half, or at least some portion, of a $140,000 tax liability for the taxable years 1982 and 1983. He asked that her portion be paid by her directly or by deduction from his alimony and child support payments. He claimed that the tax liability constituted a substantial change in circumstances. In his petition, Scaling also asked the court to allow him to deduct from his alimony payments all costs, expenses and attorney fees he had incurred in defending an action to increase child support and alimony payments filed by Hartley in Hawaii and in defending Hartley's Wyoming motions charging Scaling with failing to abide by the decree and seeking to disqualify the judge.

In response to Scaling's petition, on August 21, 1989, Hartley served him with a request for production of documents containing information relevant to the matters raised in his petition. On September 21, 1989, Hartley filed a motion to compel Scaling to produce the requested documents.

In the court's decision letter dated November 15, 1989, and the subsequent order filed January 24, 1990, the court held that Scaling's petition failed to state a cause of action and was, therefore, denied. Because the petition was denied, the court reasoned, Hartley's motion to compel Scaling's production of documents containing information relevant to the matters raised in that petition need not be determined.

On November 13, 1989, before the court had decided Scaling's petition, Hartley filed her own petition to modify the decree. She sought an order increasing child support, compelling Scaling to reimburse her an appropriate portion of past children's medical expenses she had incurred, and establish-

ing that Scaling provide medical support for the children. For proof of substantial changes in circumstances she pointed to:

- Scaling's imminent settlement with the Internal Revenue Service of the 1982 and 1983 tax liabilities at a figure of $140,000, a reduction of seventeen percent from the original $167,000 referred to in the court's February 9, 1987 decision letter;
- Scaling's having paid some of the indebtedness that existed when the divorce trial was held; and
- an increase in Scaling's income from his medical practice.

With reference to the medical support issue, Hartley alleged that the divorce decree was silent on that item; that she had incurred debt for her children's medical expenses; and that effective June 8, 1989, W.S. 20-6-401 directs that in any action to establish or modify a child support obligation, the court shall require in the support order provision for parental responsibility for the procurement of medical insurance for the children's medical expenses or for the payment of the children's medical expenses.

The court responded to Hartley's petition to modify in two decision letters and a final order. In the court's first decision letter dated November 15, 1989, the court stated that substantial changes in circumstances were not proved by Scaling's settling his $167,000 tax liability for $140,000, paying some of his debts which existed in January, 1987, or the legislature's passage of W.S. 20-6-401 after the decree became final. The court noted that a party paying its debts can be anticipated. Having cleared away that underbrush, the court set for a one-hour hearing the sole question whether Scaling had experienced a substantial increase in his income.

Following the court's hearing on that sole question on January 5, 1990, the court issued its second decision letter dated January 19, 1990. In that letter the court stated that because Scaling now has approximately the same amount of income available to him each month as he had at the time of the divorce in 1987, Hartley had

failed to prove a substantial change in circumstances. On January 24, 1990, the court entered its order denying Hartley's petition. Hartley's appeal followed.

To recapitulate, Hartley appeals from the court's order dated August 25, 1989, which denied the relief she sought in her May 31, 1989 motion and from the court's order dated January 24, 1990, which denied the relief she sought in her November 13, 1989 petition.

## DISCUSSION

*Order Dated August 25, 1989*

■ Hartley claims the district court abused its discretion in denying her requests that Scaling be required to pay the moving expenses incurred by Hartley and the children in relocating to Hawaii and one-half of the travel expenses she claimed for the children's visitations with Scaling in Casper from Albuquerque, New Mexico, in November 1987, and from Hawaii in June, 1988. The district court's determinations in these matters raised in a post-divorce contempt proceeding rest in that court's discretion. *Chorney v. Chorney,* 383 P.2d 859, 860 (Wyo.1963). This court will not disturb a trial court's exercise of discretion unless it has been gravely abused or violated a legal principle. This court accepts the evidence of the prevailing party as true, leaving out entirely the consideration of evidence in conflict with it and giving every favorable inference which may fairly and reasonably be drawn from the prevailing party's evidence. *Kennedy v. Kennedy,* 761 P.2d 995, 998 (Wyo.1988). We have carefully reviewed the record in the light of these appellate principles and hold that the trial court did not abuse its discretion as claimed by Hartley.

The district court received evidence at a hearing on August 4, 1989, and found in favor of Scaling. With respect to the moving expenses, the court considered the decree provision in light of the parties' pre-decree letter memoranda and the court's decision letter. Exhibiting the sound exercise of discretion, the district court found that Scaling was responsible for paying only

moving expenses from Casper to Albuquerque, but no farther. Concerning the travel expenses, the court found no probative evidence establishing the details of Hartley's alleged expenses. In the face of insufficient evidence, the trial court properly rejected the claim. *Ferguson v. Ferguson,* 481 P.2d 658 (Wyo.1971).

*Order Dated January 24, 1990*

■ Hartley asserts the district court abused its discretion in denying her petition to modify the decree. She sought to increase Scaling's child support payments, to recover from Scaling reimbursement for past children's medical expenses she paid, and to establish Scaling's responsibility to provide medical support for the children. With reference to post-divorce modification in *Warren v. Hart,* 747 P.2d 511, 512 (Wyo. 1987), this court stated:

A divorce decree is generally res judicata on all issues decided therein, *Mentock v. Mentock,* Wyo., 638 P.2d 156 (1981); *Heyl v. Heyl,* Wyo., 518 P.2d 28 (1974), and to clearly show a material and substantial change in circumstance is the proper standard for a *modification* of child support. *Manners v. Manners,* [706 P.2d 671, 674 (Wyo.1985) ].

This court said, "Whether or not to modify a divorce decree rests in the sound discretion of the trial court, and the court's determination will not be disturbed except for a grave abuse of that discretion or violation of some legal principle." *Manners v. Manners,* 706 P.2d 671, 674 (Wyo.1985).

Having carefully read the record with respect to the January 5, 1990 hearing, at which Scaling's certified public accountant was the sole live witness,[1] and having applied the foregoing appellate principles to the court's decision denying an increase in child support, we hold that the district court did not abuse its discretion. The accountant's testimony supported the court's determination that Scaling's net take-home salary was approximately the same as it had been when the original divorce decree was filed.

■ We part company, however, with the district court's decision which cut short Hartley's attempt to recover reimbursement for past children's medical expenses and to establish Scaling's obligation to provide medical support for his children. In these particulars, Hartley sought that on which the divorce decree was silent. In *Warren,* 747 P.2d at 512–14, this court held inapplicable the usual standard for a modification of a divorce decree because the decree was silent on the item in question. There, the decree was silent on a child support award; here, the decree was silent on children's medical support. In *Warren* we announced the rule that the petition to establish a provision on which the decree was silent is not a motion to modify; rather "[i]t is merely ancillary or supplemental to the main cause, and it is not necessary that a determination on such motion be based on a change in circumstance." *Id.* at 513. Accordingly, "the standard for establishing rather than modifying [children's medical support] should apply." *Id.*

Considering the district court's decision letters of November 15, 1989, and January 19, 1990, and the court's order dated January 24, 1990, we hold the court erred in applying the "substantial-change-in-circumstances" standard to Hartley's motion to recover past children's medical expenses and to establish medical support. We remand that part of the case to the district court with instructions to allow the parties full opportunity to litigate those issues.

■ Next, we turn to Hartley's claim that the district court erred in denying the motion to compel Scaling's production of information relevant to Scaling's petition for an order requiring Hartley to pay some portion of the 1982 and 1983 tax liability. Scaling filed his petition on August 4, 1989; Hartley submitted her request for production on August 21, 1989, and her motion to compel on September 21, 1989. In its decision letter dated November 15, 1989, in which it notified the parties that it had denied Scaling's petition, the court noted that that dismissal rendered unnecessary any action on Hartley's motion to compel.

1. Hartley's deposition was received by the dis-    trict court on January 19, 1990.

That was confirmed in the January 24, 1990 order. From our review of Scaling's petition and Hartley's request and subsequent motion to compel, we are satisfied the district court correctly concluded that, upon its dismissal of Scaling's petition, Hartley's motion to compel was moot. Her request for production sought information solely for the purpose of defending against Scaling's petition. We find no error on this point.

Finally, we have reviewed Hartley's last assignment of error, that the district court erred in failing to award her costs, expenses and attorney fees incurred in defending Scaling's short-lived petition to modify. As with most of the other matters Hartley has raised, this item resides within the district court's exercise of broad discretion. We find no grave abuse presented here.

In summary, we affirm the district court on all matters raised except with respect to Hartley's claims to recover reimbursement for children's past medical expenses and to establish medical support, as to which claims we reverse and remand for proceedings consistent with this opinion.